### STATE OF ARKANSAS VS. GILL.

1. CRIMINAL LAW—*In jeopardy. Res judicata.*

    Where an indictment is quashed on demurrer, the defendant is not in jeopardy under it, and may be prosecuted under a second indictment for the same offense. To make a judgment sustaining a demurrer to an indictment a bar to further prosecution for the same offense, matter must appear on the face of the indictment, which, in its character, is a legal defense or bar to a further prosecution for the same offense.

    It is an essential requisite of a conclusive judgment that it be upon the merits.

2. CRIMINAL PLEADING: *Statute Limitations.*

    An indictment is not demurrable because it shows that the offense was committed back of the period bar of the statute of limitations. Matter to avoid the bar may be proven without being averred ; and the bar is available to the defendant under the plea of not guilty.

---

---

APPEAL from *Hempstead* Circuit Court.

Hon. ———— ————, Circuit Judge.

*Henderson, Attorney General,* for appellant.

ENGLISH, CH. J. :

The material facts of this case, as they appear in the transcript, are as follows :

On the 5th of January, 1878, John Gill was indicted in the Circuit Court of Hempstead County, for forging an order, the indictment alleging the offense to have been committed on the 5th day of April, 1874.

The defendant demurred to the indictment on the ground that it appeared from its face that the offense was barred by the statute of limitation ; the court sustained the demurrer and discharged the defendant from further prosecution for the offense.

Afterwards, on the 15th of January, 1878, the defendant was again indicted in the same court for the same offense, the indictment alleging, to avoid the bar, that the defendant was a fugitive from justice from the 1st day of January, 1875, until the 1st day of September, 1877.

At the July Term, 1878, the defendant filed a motion to be discharged from further prosecution on this indictment : " Because, he says, at the last term of this court a demurrer was sustained to the indictment (in which he was charged with the same offense as in the present indictment), because said indictment contained matter upon its face which was a bar to the action," etc.

The court sustained the motion, and discharged the defendant.

The State took a bill of exceptions showing that upon the hearing of the motion, the first indictment, the demurrer to it, and the judgment of the court sustaining the demurrer and discharging defendant (which are set out), were produced and read ; and appealed to this court.

Whether the court below erred in sustaining the demurrer to the first indictment or not, is not a question now before this court, no appeal having been taken from its judgment in that case.

As to the materiality of the allegations of the time of an offense in an indictment, see *Scoggins* v. *State*, 32 Ark., 215. " No person, for the same offense, shall be twice put in jeopardy of life or liberty, but if, in any criminal prosecution, the jury be divided in opinion, the court before which the trial shall be had, may, in its discretion, discharge the jury, and commit or bail the accused for trial, at the same or the next term of said court." Declaration of Rights (1874), sec. 8.

The appellee was not in jeopardy on the first indictment ; he was never put on trial under it ; the indictment was quashed on demurrer, and this, if formally pleaded, was no bar to the second indictment. Cooley's Con. Lim., 325 ; *State* v. *Clark*, 32 Ark., 231 ; *Johnson* v. *State*, 29 Ark., 31.

Judgment reversed and cause remanded, with instructions to the court below to require appellee to plead to the second indictment, etc.

---

### ON MOTION FOR RECONSIDERATION.

ENGLISH, CH. J. :

In the motion for reconsideration, the counsel for appellee invite the particular attention of the court to section 1841 Gantt's Digest. Though we did not notice the section in the opinion, it had not been overlooked in considering the question decided. We did not notice it in the opinion because we thought that whatever might be its true meaning, it had no application to the facts of this case.

The section follows :

" If the demurrer is sustained because the indictment contains matter which is *a legal defence or bar to the indictment,*

the judgment shall be final, and the defendant discharged from any further prosecution for the offense."

This section was copied from the Kentucky Criminal Code, section 169.

*Commonwealth* v. *Anthony*, 2 Metcalf, 399, is the only Kentucky decision we have found on this section. There it was held that a judgment sustaining a demurrer to an indictment on the ground of misjoinder of offenses, was no bar to a future prosecution.

In *Walls* v. *State*, 32 Ark., 565, Walls was indicted in the Circuit Court of Jackson County for bigamy, and the indictment alleged the bigamous marriage to have occurred in Woodruff County. A demurrer to the indictment was overruled, and the defendant tried and convicted. On appeal to this court, the judgment was reversed, and the case remanded with instructions to the court below to hold the defendant to answer an indictment in Woodruff County, the proper venue for the offense.

Now suppose the court had sustained the demurrer to the indictment; instead of overruling it, and entered judgment discharging the defendant from further prosecution. Surely such judgment would have been no bar, under the above statute, to a new indictment, in Woodruff County, for the same bigamous marriage. And why? Because the matter of defense appearing on the face of the indictment was not, in its nature, matter in bar, or a legal defense to any indictment for the offense charged, but matter in abatement only of that particular indictment.

So we take it, that to make a judgment sustaining a demurrer to an indictment a bar to any further prosecution for the same offense, matter must appear on the face of the indictment which, in its character, is a legal defense or bar to a prosecution for the offense.

In this case the prosecution was for forgery, which is a felony, not punishable by death, and the limitation is three years. Gantt's Digest, section 1664.

The first indictment was found 5th of January, 1878, and it alleged that the offense was committed 5th of April, 1874, which was more than three years before the finding of the indictment.

If the allegation of the time of the offense was material— if the State could not prove on the trial that the offense was committed at a later day, and within the period of the bar, or was not at liberty to prove any matter in avoidance of the bar— then the indictment contained matter which was a legal defense or bar to the prosecution, and the judgment sustaining the demurrer to it was a bar to any further prosecution for the offense, under the above statute.

But "the statement in the indictment as to the time at which the offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except when the time is a material ingredient of the offense." Gantt's Digest, section 1787.

Under the first indictment the State could have proven, therefore, that the offense was committed on any day before the finding of the indictment. The allegation of the time of the offense was not otherwise material.

Moreover, the State would have been at liberty to prove, on a trial, by way of avoiding the bar, that the accused had fled from justice and been out of the State, or that a previous indictment had been pending against him, which had been quashed, set aside, or reversed, etc. Gantt's Digest, sections 1666–7.

The defendant is not obliged to plead limitation, but the bar is available under the plea of not guilty—nor need the indictment aver matter to avoid the bar, but it may be proven on the trial.

It follows that the court sustained a demurrer to an indictment good on its face, and an erroneous judgment quashing a valid indictment on demurrer, or on motion to quash, can be no bar to a subsequent indictment for the same offense, because the accused was not put in jeopardy on the indictment quashed.

Nor for the same reason, as a general rule, is a judgment quashing a bad indictment on demurrer, or motion, a bar to another indictment for the same offense. But the statute in question makes an exception, and that is, when the demurrer is sustained because the indictment contains matter which is a legal defense or bar to the indictment. The Statute is anomalous, and it is difficult to imagine an instance in which a criminal pleader might draw an indictment that would come within its meaning.

It is true, as remarked in the first opinion, that the judgment of the court below quashing the first indictment, on demurrer, is not before us on appeal, but it was, in effect, pleaded in this case as a bar to a second indictment—in other words, as a former judgment of acquittal—and in all cases where the accused pleads a former acquittal, or conviction, or before in jeopardy, the court must look at the judgment pleaded, and the facts of record on which it is based, to determine whether it is a valid bar.

It is also true, as submitted by the learned counsel for appellant, that an erroneous judgment is conclusive between parties and privies, until reversed ( *Wells on res adjudicata,* p. 4), but it is likewise true, that it is an essential requisite of a conclusive judgment, that it should go to the merits, and hence must not be based merely upon technical defects in the pleadings (Ib. p. 8), or matter which merely abates the suit.

The following remarks of Mr. Wells on the conclusiveness of judgments rendered on demurrers in civil suits, are appropriate :

"If judgment is rendered for the defendant on demurrer to the declaration, or to material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause, upon the same grounds as were disclosed in the first declaration ; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless.

"But it is equally settled that if the plaintiff fails on demurrer in the first action, from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the cause as disclosed in the second declaration, were not heard and decided in the first action." *Wells on res ad.*, p. 371.

In this case, in the first indictment, the time of the offense was alleged back of the period of the bar, and nothing being averred to avoid the bar, his Honor, the Circuit Judge, deemed the omission fatal, sustained a demurrer to the indictment, and discharged the accused from further prosecution.    The attorney for the State did not think proper to appeal from the judgment, he could not amend the indictment, as a plaintiff may amend a declaration in a civil suit, and he chose to draft, and have preferred by the Grand Jury, the second indictment, in which matter was alleged to avoid the bar, and thereby the omission which the court held to be fatal in the first indictment was supplied in the second.

By the rule laid down by Mr. Wells, as above, the judgment on demurrer to the first indictment was not a bar to the second indictment.

Where a judgment is not in law an immunity against a further prosecution, it cannot be made such by the mere form of entering it.

The motion for reconsideration is overruled.