.The State v. Reed.

## THE STATE V. REED.

1. INDICTMENT: *Abortion : Construction of statute.*
   An indictment for abortion, charging that the defendant prescribed and administered medicines and drugs to a woman with child, with intent to produce abortion, is defective for a felony under the statute, in not alleging that the act was done "before the period of quickening;" but is good under the common law for a misdemeanor, punishable by fine not exceeding one hundred dollars, and imprisonment not exceeding three months.

2. SAME: *Same.*
   An indictment for administering drugs to produce abortion need not name the particular drug used.

3. SAME: *Demurrer to : Statute of limitation.*
   That an indictment is apparently barred by the statute of limitation is no cause for demurrer to it.

APPEAL from *Logan* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*D. W. Jones,* Attorney General, for Appellant.

The indictment is in strict conformance with *Sec. 1589, Mansf. Dig.* It was not necessary under our statute that the

The State v. Reed.

indictment should aver whether the intent to produce the abortion was before or after the period of quickening. It is immaterial whether the fœtus had quickened or not. *Bish. Stat. Cr. Ch.*, *34*.

1. INDICTMENT for abortion.

SMITH, J. The indictment was for abortion, and the charging part of it, was in these words: "The said Mat. Reed, on the 20th day of December, 1883, in the county of Logan, aforesaid, unlawfully and feloniously did administer and prescribe to one Mary Moore, a woman with child, a large quantity of medicine and drugs, with intent, then and there, and thereby, to produce abortion," etc.

A demurrer to the indictment was sustained, and the defendant discharged. The state has appealed.

Construction of statute.

The statute, upon which the indictment was drawn, reads as follows: "It shall be unlawful for any one to administer or prescribe any medicine or drugs to any woman with child, with intent to produce an abortion, or premature delivery of any fœtus before the period of quickening, or to produce, or attempt to produce, such abortion by any other means;" and the offense is made a felony. *Mansf. Dig., Sec. 1589.*

The indictment does not conform to the statute, because it does not allege that the criminal act was done "before the period of quickening;" that is to say, before the time when the woman has felt the child move within her. *Rex v. Phillips, 3 Campb., 73. Sec. 1536 of Mansfield's Digest,* had already made a successful abortion, resulting in the death of a quick child, manslaughter.

But at the common law it was a misdemeanor to cause the miscarriage of a pregnant woman. Hence, the mere unsuccessful attempt to produce it, was also indictable. *Bishop on Statutory Crimes, Sec. 744 and authorities cited; State v. Slayle, 82 N. C., 653.* Our statute, in adopting the common law of

The State v. Reed.

England, provides that in cases of crimes and misdemeanors, the punishment of which is not fixed by statute, the offender shall be punished under the provisions of the common or statute law of England, in force prior to the fourth year of King James the I., but the punishment to be only fine and imprisonment, the fine not exceeding one hundred dollars, and the imprisonment not exceeding three months. *Mansf. Dig., Sec. 567.*

It follows that the court erred in adjudging that the indictment disclosed no offense known to our laws, if it was otherwise sufficient in form. Nor does it matter that the charge was laid as a felony, whereas, in fact, it was only a misdemeanor. It was the duty of the court to try the defendant as for a misdemeanor, and if he was convicted to give judgment accordingly.

The indictment does not name the particular drug that was used. The English precedents are more specific in this respect. Yet, in an indictment for the statutory felony, we should not hold this to be a fatal defect. *Bishop on Statutory Crimes, 2 ed., Sec. 756, and cases cited in note 8.* And there is no good reason why greater strictness should be required in proceeding for a common law misdemeanor than for a felony.

2. SAME.

The present indictment was returned May 21, 1885, more than twelve months after the alleged offense. But it is no ground for demurrer that a prosecution is apparently barred by limitation. On the trial, the state must prove that the offense was committed within the period of the statute bar, or else that the running of the statute has been suspended, as by a fleeing from justice, or the pendency of another indictment for the same crime. *Scoggins v. State, 32 Ark., 215; State v. Gill, 33 Id., 129; Gill v. State, 38 Id., 524.*

This construction of the statute against abortions involves the apparent absurdity that the mere unsuccessful attempt to

procure an abortion, not followed by the death of mother or child, is a felony if practiced upon a woman before the fifteenth or sixteenth week after her conception; whereas, it is only a misdemeanor if practiced after that time. But it is a still greater absurdity to hold that the later attempt is no offense at all; as would be the consequence if the common law on this subject is wholly superseded.

Judgment reversed and cause remanded, with directions to overrule the demurrer, and require the defendant to plead.