## UNITED STATES *v.* JONES.

*(Circuit Court, S. D. Georgia, W. D.* June 29, 1887.)

1. ROBBING THE MAIL—INDICTMENT—OWNERSHIP OF LETTER.
   Where the valuable contents of a letter are alleged to be the property of the person to whom it was addressed, and it appears in proof that they were intended by the sender for that person, and the proof further shows that the letter had left the mailing office, and was in the custody of the postal officers, at the time it was stolen, *held,* that the ownership of the letter and contents was properly laid.

2. INDICTMENT—OBJECTION TO—MEMBERSHIP OF GRAND JURY.
   Where it is made to appear by plea in abatement that one of the grand jurors who returned the indictment had served on a jury which had rendered a verdict of guilty against the prisoner for the same offense, on a former trial, the plea will be sustained, and the indictment dismissed.

3. CRIMINAL PRACTICE—FORMER JEOPARDY—VOID CONVICTION.
   Neither by common law nor by our constitution will a conviction upon a void proceeding or indictment, when the penalty has not been inflicted, operate as a bar to a subsequent indictment for the same offense.[1]

4. SAME—INCONSISTENT CLAIMS.
   The prisoner having sued for and obtained a decision of the circuit court that the indictment was void, will not, on a second trial, be heard to urge that decision as error in order to escape its effect, on the plea of former jeopardy.

*(Syllabus by the Court.)*

Indictment for Robbing the Mails.

*Dupont Guerry,* U. S. Atty., for prosecution.

*Hill & Harris* and *Dessau & Bartlett,* for defendant.

---

[1] When defendant obtains a new trial, he places himself in the same position as though he had not been tried, and a conviction on such first trial is no bar to a subsequent conviction. Johnson v. State, (Ala.) 2 South. Rep. 466, and note; Robinson v. State, (Tex.) 4 S. W. Rep. 904, and note.

SPEER, J. The defendant, on arraignment, filed a demurrer and a plea in abatement to the indictment. The demurrer averred that the allegation of ownership of the stolen property, to-wit, a check payable to Walker, and indorsed in blank by him, and mailed to S. T. Coleman & Co., to pay a debt due to that firm from Williams & Co., with the further averment that the check was the property of S. T. Coleman & Co., was fatally defective; the defendant insisting that it is a necessary conclusion of law from all the averments, taken together, that the check was not the property of S. T. Coleman & Co., but was the property of the sender. There can be no doubt that it is essential to the indictment that there must be a faithful description of the article alleged to be stolen, (1 Whart. Crim. Law, § 934,) and the description must be proved as laid, (2 Whart. Crim. Law, § 1829; U. S. v. Martin, 2 McLean, 256.) It may be considered as settled that property sent by the mail may be laid in the sender. U. S. v. Burroughs, 3 McLean, 405; 1 Whart. Crim. Law, § 946.

It is insisted, too, that if payment is sought to be made by sending money or other articles of value through the mail, it is done at the sender's risk, unless done by direction, either express or implied; citing Code Ga. § 2866; Abb. Trial Ev. 803, § 10; Bank v. McManigle, 8 Amer. Rep. 236; 2 Daniel, Neg. Inst. § 1474. I do not think that these authorities afford fair analogies for the determination of the sufficiency of the description in an indictment for larceny. It may be true that to send money through the post is at the risk of the sender, in the absence of authorization to use the mails; but, unquestionably, the party to whom it is addressed, after it has left the mailing office, has a qualified interest in the letter, and a title to the valuable contents, upon which he could maintain trover against a third party unlawfully obtaining its possession. In the case of U. S. v. Jackson, reported in 29 Fed. Rep. 503, and subsequently in 9 Crim. Law Mag. 325, this court, in charging the jury, said that when the ownership of a registered letter and its contents is alleged to be in the person to whom the proof shows it was directed, and the proof shows that when it was stolen the sender had deposited it with the postmaster, taking his receipt therefor, and it had, by due course of mail, left the mailing office, that its custody by the post-office department was for the benefit of the person to whom it was addressed, that it was his property, the sender had no control over it, and there is no variance. There can be no difficulty in the application of the principle of this decision to an unregistered letter. The necessities of trade and commerce require that the courts should give a practical application to the rules of pleading in cases arising under the methods of modern times. An immense mass of technical cobwebs has been swept away by that gradual reform which has been evolved by the liberal tendencies of the courts in passing upon the sufficiency of indictments, and in repeated recommendations to congress, that profound lawyer and distinguished advocate, the Honorable Benjamin Harris Brewster, lately the attorney general of the United States, urged the importance of legislation which would further aid the courts in dispensing with the

useless and damaging technicalities which tend so much to defeat the ends of justice. It cannot be denied that this indictment fairly advised the defendant of the crime of which he is charged. Besides, the regulations of the post-office department make the postal authorities the trustee for the person to whom the letter is addressed, and the construction of the executive department charged with the execution of a public duty is entitled to great weight, and ought not to be overturned, unless clearly erroneous. *U. S.* v. *Philbrick*, 120 U. S. 52, 7 Sup. Ct. Rep. 413.

The demurrer, therefore, is overruled.

The defendant then presented his plea in abatement. This recites the fact that on the grand jury who found the indictment there was a juror who was a member of the special jury which at a previous term returned a verdict of guilty against the prisoner for the same offense, which verdict has since been set aside; and the plea further recited that the defendant had no opportunity to challenge such grand juror. These facts being admitted by the district attorney, it was ordered by the court that the plea in abatement be sustained, and the indictment dismissed. Thereupon the prisoner was instantly arraigned upon a second indictment, found at this term, *in the precise terms of the indictment disposed of.* To this indictment the prisoner renewed *pro forma* the demurrer, which was made to the first indictment, and the court overruled the same on the grounds before stated. Thereupon the prisoner filed a plea of *autrefois convict*, and former jeopardy, annexing a copy of the indictment in the district court of the United States for this district and division, and the verdict and sentence thereon, whereby it appeared the defendant was sentenced to five years' imprisonment in the Albany county penitentiary, in the state of New York, and that he had suffered six months' imprisonment thereunder. When this plea was tendered, the district attorney, calling attention to the fact that there was a motion for a new trial and arrest of judgment, and an order overruling the same in the district court, a writ of error to the circuit court, and a judgment of the circuit court setting aside the verdict, and quashing the indictment, and declaring it should "go for naught," insisted that the record attached to the plea as an exhibit was not complete. After argument, the court held that it is not competent for the prisoner to extract a portion of the record, and exhibit it to the plea of former conviction, but that the entire record must be produced. The prisoner then amended his plea, setting out, as an additional exhibit thereto, the record of the motion for new trial and arrest of judgment, the order granting the writ of error, the writ, and the judgment of the circuit court setting aside the verdict, and quashing the indictment, and ordering the discharge of the prisoner.

To this plea, as amended, the district attorney demurred. He insists since the circuit court, the Hon. DON A. PARDEE, circuit judge, presiding, held the indictment to be defective, and that the trial should go for naught, that the entire proceeding was a nullity, and, as a consequence, the prisoner had never been in jeopardy. The prisoner's counsel frankly concede that the great mass of authority fully supports the contention of the government's counsel, but they also insist that the au-

thorities should not be regarded by this court, which they say should decide that the prisoner is in jeopardy when he has actually been tried, no matter whether the indictment is valid or not. No authority is cited in support of this proposition, but references are made to Mr. Bishop's work on Criminal Law, (volume 1, §§ 980–982.) An attentive consideration of these paragraphs does not afford the court any warrant for the adoption of the views of the prisoner's counsel. Section 1021 of the same work would seem to distinctly negative all that the prisoner's counsel has said. When the indictment is in form so defective that, supposing the defendant be found guilty by the jury, he will still be entitled to have any judgment which may be entered of record against him reversed, he is not in jeopardy, and, if acquitted, is liable to be tried on a new and valid indictment. The author, in support of this proposition, cites many precedents, extending from Hale's Pleas of the Crown to the most recent declarations of courts upon this subject. *State* v. *Gill*, 33 Ark. 129, 1 Crim. Law Mag. 665; *Hosier* v. *State*, Id. 124. When a defendant has been convicted, an appeal taken, and a new trial awarded, the case dismissed, and a second bill of indictment found, a plea of former jeopardy will not avail. *Simco* v. *State*, (Tex. App.) 2 Crim. Law Mag. 26 *et seq.* This is true when the judgment is arrested for apparent defects. *State* v. *Sherburne*, 58 N. H. 535; *Smith* v. *Com.*, (Pa.) 5 Crim. Law Mag. 615. The supreme court of Mississippi, in the case of *Kohlheimer* v. *State*, 39 Miss. 548, 77 Amer. Dec. 689, an exceedingly wellreasoned case, announces this conclusion: "It seems to be clear, therefore, upon principle as well as authority, that neither at common law nor by our constitution will an acquittal or conviction, when the penalty has not been inflicted, upon a void proceeding or indictment, operate as a bar to a subsequent indictment for the same offense." Here the penalty has been only partially inflicted. The observations of counsel, which have the effect of intimations that the decision of the circuit court declaring the indictment fatally defective was erroneous, will receive no attention at this time. The district court held the original indictment good. By writ of error this holding was carried before his honor Judge PARDEE, in the circuit court, who reversed the decision of the district court, and held the indictment bad, and the prisoner will not now be heard to criticise a judgment which he then insisted should be granted. It is *res adjudicata*, for the purposes of this case. While counsel may go to great length in defense of one charged with crime, they cannot be heard to blow hot and cold upon the same issue, in the same record. Having sued for and obtained the decision reversing the district judge, they must stand by that decision, with all of its consequences. That decision holding that the indictment was defective, and should go for naught, it follows that the defendant has never been in jeopardy, and must stand his trial now. The demurrer to the plea is therefore sustained.