## JAMES v. STATE.

Opinion delivered November 17, 1913.

CRIMINAL LAW—LIMITATIONS—BURDEN OF PROOF.—In a criminal prosecution, the State must prove that the offense was committed within the period of the statute bar, or else that the running of the statute has been suspended.

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed.

*A. Y. Barr,* for appellant.

The court erred in instructing the jury that the burden was on the defendant to show that the offense was committed more than one year before the finding of the indictment. That it was committed within one year was a material allegation of the indictment, and the burden was on the State to prove it.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

When the appellant pleaded the statutes of limitation, that was a special and affirmative defense, the burden of proving which rested upon him; but the court correctly instructed the jury that upon the whole case, including the statutes of limitation, the burden was upon the State. 69 Ark. 180, 181; *Woodland* v. *State,* ms. op.; 69 Ark. 322-327; 84 Ark. 67-71; 37 Ark. 219.

McCULLOCH, C. J. The defendant, George James, appeals from a judgment of conviction under an indictment charging him with giving away whiskey to a minor, alleged to have been committed in Searcy County, Arkansas, on a certain day named in the indictment, the day

specified being within twelve months before the finding of the indictment.

The young man to whom the whiskey is alleged to have been given by defendant, testified, in support of the allegations of the indictment, and his testimony is sufficient to show that defendant gave him whiskey in the county within twelve months before the finding of the indictment, and that witness was under the age of twenty-one years at the time.

Appellant testified in his own behalf, and admitted that he gave whiskey to the minor, and does not dispute the latter's age, but he testified that the act was committed more than a year before the finding of the indictment. Other testimony was adduced by the defendant to the effect that the incident occurred more than a year before the indictment was returned.

Therefore, the only issue in the case was, whether the offense was barred by the statute of limitations.

The court instructed the jury that the burden was on the defendant to show that the act was committed more than one year prior to the finding of the indictment. This instruction was given over defendant's objection, and an exception was duly saved.

This ruling of the court is defended by the Attorney General on the ground that the statute of limitations was a defense which devolved on the defendant to establish affirmatively by evidence.

The statute of limitations was not specially pleaded, but it was available under the plea of not guilty. *State* v. *Gill*, 33 Ark. 129.

Under the statutes of this State, an allegation in the indictment concerning the time of the commission of the offense is immaterial except when the time is a material ingredient in the offense (Kirby's Digest, § 2234); but the State must allege and prove the commission of the offense within the statutory period of limitation. *Scoggins* v. *State*, 32 Ark. 205; *State* v. *Gill, supra; Gill* v. *State*, 38 Ark. 524; *State* v. *Reed*, 45 Ark. 333.

In *State* v. *Reed, supra,* Mr. Justice Smith, speaking for the court, said:

"On the trial, the State must prove that the offense was committed within the period of the statute bar, or else that the running of the statute has been suspended, as by a fleeing from justice, or the pendency of another indictment for the same crime."

That is, in substance, what the court said in the previous decisions referred to above. It seems to be the universal rule. 1 Wharton's Criminal Evidence, § 103.

The trial court therefore committed error in instructing that the burden was on the defendant to prove that the offense was committed beyond the period mentioned in the statute, namely, twelve months prior to the finding of the indictment.

The erroneous instruction was prejudicial, for there was a sharp conflict in the testimony, and the issue was narrowly drawn concerning the time of the commission of the offense. Reversed and remanded for a new trial.