## STATE v. HARVEY.

### Opinion delivered December 14, 1925.

1. INDICTMENT AND INFORMATION—GROUND OF DEMURRER.—That an indictment apparently is barred by limitation is not ground for demurrer, as the State may prove that the offense was committed within the period of the statute bar, or else that the running of the statute has been suspended by accused fleeing from justice or by the pendency of another indictment for the same offense.

2. CRIMINAL LAW—LIMITATION OF PROSECUTION—SUSPENSION.—Under Crawford & Moses' Dig., § 3037, providing that, if there are two indictments pending against defendant for the same offense, the indictment first found shall be deemed suspended and shall be quashed, and § 2889, providing that when an indictment is quashed the time during which it was pending shall not be computed as part of the time of limitation prescribed for the offense, held that the fact that the former indictment was not dismissed until after the second one was returned, or until the court sustained a demurrer to the second indictment, was immaterial.

3. INDICTMENT AND INFORMATION—DESIGNATION OF PERSON.—Where, in a prosecution for malicious mischief, two indictments appear to charge the same offense, a difference in the names of alleged owners of the property may be explained by parol proof that the difference was due to a clerical error, and that the same offense was intended to be charged.

Appeal from Lonoke Circuit Court; *George W. Clark*, Judge; reversed.

*H. W. Applegate,* Attorney General, *John L. Carter,* Assistant, and *W. J. Waggoner,* Prosecuting Attorney, for appellant.

*Williams & Holloway* and *Guy E. Williams,* for appellee.

McCULLOCH, C. J. The grand jury of Lonoke County, on September 5, 1924, returned an indictment against appellee for the statutory offense of malicious mischief (Crawford & Moses' Digest, § 2511), alleged to have been committed on May 1, 1923, by wilfully and maliciously shooting and killing a dog, the property of William Beggs, of the value of fifty dollars. The court sustained a demurrer to the indictment on the ground that it was apparently barred by the statute of limitation.

. In the case of *State* v. *Reed,* 45 Ark. 333, this court said: "But it is no ground for demurrer that a prosecution is apparently barred by limitation. On the trial, the State must prove that the offense was committed within the period of the statute bar, or else that the running of the statute has been suspended, as by a fleeing from justice, or the pendency of another indictment for the same crime." In the more recent case of *James* v. *State,* 110 Ark. 170, we declared the same rule and made the above quotation from *State* v. *Reed, supra,* but in the opinion it was inadvertently said that "the State must allege and prove the commission of the offense within the statutory period of limitation." In that case the indictment did not show on its face that the prosecution was apparently barred, and the question arose, on the trial of the case, in regard to the burden of proof. The language just referred to was an inadvertence and must be disregarded, for the rule as announced in *State* v *Reed, supra,* is the settled rule in this State.

There has been brought into the present record another indictment against the appellee, returned by the grand jury on February 8, 1924, charging the same offense of malicious mischief by wilfully and maliciously killing a dog, the property of William Weggs, of the value of fifty dollars, on May 1, 1923. The record in

regard to the disposal of this indictment is also brought into the present transcript, and shows that the former indictment was not dismissed until September 7, 1925, the same day on which the demurrer to the second indictment was sustained by the court. Counsel debate the question whether or not the pendency of the former indictment arrested the statute of limitation so as to prevent a bar of the prosecution under the second indictment. The statutes of this State (Crawford & Moses' Digest, § 3037) provide that if there shall be pending against the same defendant "two indictments for the same offense, or two indictments for the same matter, * * * the indictment first found shall be deemed to be suspended by such indictment, and shall be quashed." The statute also provides that, when an indictment shall be quashed, set aside or reversed, "the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense." Crawford & Moses' Digest, § 2889. In the trial of this case it will devolve upon the State, in order to show a suspension of the running of the statute of limitation, to prove that the former indictment was for the same offense, but the fact that the former indictment was not dismissed until after the second indictment was returned, or until the court sustained a demurrer to the second indictment, is not important. The two indictments appear to charge the same offense, and the difference in the names of the alleged owners may be supplied by proof that it was a clerical error, and the fact that the same offenses were intended to be charged. *Stafford* v. *State,* 59 Ark. 413.

It follows that the court erred in sustaining the demurrer, and the judgment is therefore reversed, and the cause remanded with directions to the court to overrule the demurrer to the indictment, and for further proceedings.