## MOORE *v.* STATE.

Opinion delivered March 8, 1926.

1. CRIMINAL LAW—ENTRY OF NOLLE PROSEQUI.—Under Crawford & Moses' Dig., § 3063, providing that the dismissal of an indictment by the prosecuting attorney "shall not bar a future prosecution for the same offense," *held* that an order of *nolle prosequi* entered in a criminal case at the instance of the prosecuting attorney will not bar a future indictment for the same offense.

2. CRIMINAL LAW—STATUTE OF LIMITATION—SUSPENSION.—Under Crawford & Moses' Dig., § 2889, when an indictment is dismissed by the prosecuting attorney, and another indictment is subsequently returned for the same offense, the time during which the first indictment was pending will not be computed as part of the time of limitation prescribed for the offense.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*W. D. McKay,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted on the 24th day of November, 1925, in the circuit court of Columbia County, for the crime of having a still in his possession, making mash, and manufacturing whiskey on November 23, 1925. On the 27th day of November, 1925, the causes were consolidated for the purpose of trial, and were tried together, resulting in a conviction on all charges. His punishment was fixed at one year in the State Penitentiary for each charge. He has duly prosecuted an appeal to this court, and seeks a reversal of the judgments upon the alleged grounds: First, that the evidence is insufficient to support the judgments, and second, that the trial court erred in giving the following instruction: "You are instructed that, in determining the time of the running of the statute of limitations, you will not take into consideration the time the former or prior indictment was pending against the defendant, if you find there was such an indictment; you will compute the time from the date it is alleged the offense was committed up to and including the day of the rendition of the first indictment into open court, and, if you further find that the indictment was dismissed, you will begin to compute the time from that date up to the rendition or return of this indictment into court, which is alleged to be November 25, 1925, and, if you believe from the testimony in this case beyond a reasonable doubt that the defendant is guilty as charged in the indictment, you will find him guilty."

(1). The evidence relied upon by the State for a conviction, and which appellant contends is insufficient to support the judgment, consists of the testimony of D. P. Futch, E. L. Owens, E. W. Warren, and E. Atkinson.

D. P. Futch testified, in substance, that he was the sheriff of Columbia County from March 11, 1919, to January 1, 1925; that E. W. Warren and E. L. Owens, both

of whom were deputy sheriffs in 1922, informed him that appellant was making whiskey; that he, in company with a Federal officer, went to appellant's home immediately after his deputies had arrested appellant and were breaking up a still; that they found a 50-gallon copper still in operation, about seven and one-half barrels of mash, and six gallons of liquor; that appellant was placed under arrest, and, after a preliminary hearing, was bound over to await the action of the grand jury; that he gave a cash bond in the sum of $1,000 for his appearance at the August, 1922, term of the circuit court, which he forfeited; that subsequently an *alias* warrant was placed in his hands for appellant, but he was unable to locate him.

E. L. Owens and E. W. Warren testified, in substance, that on the 22d day of June, 1922, they arrested appellant while he was operating a still; that it was a 50-gallon copper still, located in a thicket on a little spring branch on Trav Taylor's farm, in Columbia County, Arkansas; that it was a regular still, with a cooling trough and a coil.

E. Atkinson testified, in substance, that he was the clerk of the circuit court, and had in his possession records of the court for 1922; that the records show a duly recorded indictment against appellant for having a still in his possession, making mash, and manufacturing whiskey on the 9th day of October, 1922; that the indictment was returned by the grand jury on the 11th day of October, 1922; that the records show the following order:

"*Nolle prosequi*: On this 12th day of February, 1925, a day of the regular February, 1925, term of the Columbia Circuit Court, the same being the fourth day thereof, comes the State of Arkansas by W. L. Brown, prosecuting attorney, also come the defendants, H. L. Taylor and David Moore, in proper person and by their attorneys, and the State moves to enter a simple *nolle prosequi* in this case. It is therefore by the court considered, ordered and adjudged that the defendants herein,

Henry Lee Taylor and David Moore, be not prosecuted further in this cause in this court, and that they go hence without day, and that the State of Arkansas pay all costs in and about this prosecution.''

Appellant first contends that the evidence is insufficient to support the judgment for the alleged reason that it was not shown by the State that the old and new indictments related to the same acts of appellant for violating the liquor laws, and, if not, the crimes were barred as occurring more than three years next before the finding of the indictment in 1925. The proof introduced by the State showed that appellant was arrested while manufacturing liquor in June, 1922, and was bound over to the grand jury and indicted in that year. Appellant was convicted on testimony showing that he manufactured whiskey in June, 1922, so we think it sufficiently shown that the old and new indictments covered the same offenses, committed by the same acts of appellant. The bar did not attach because the statute of limitations was suspended during the pendency of the 1922 indictment for the said crimes. *State* v. *Reed,* 45 Ark. 333; *State* v. *Harvey,* 169 Ark. 1074.

Appellant next contends that, if the indictments rendered in 1922 and 1925 were for the same offenses, committed by the same acts, then the order of dismissal entered on the 12th day of February, 1925, barred any other prosecution. The order referred to and heretofore set out in this opinion was a simple *nolle prosequi,* and did not operate as a bar to future indictments. Section 3063 of Crawford & Moses' Digest provides that ''the prosecuting attorney, with the permission of the court, may, at any time before the case is finally submitted to the jury, dismiss the indictment as to all or a part of the defendants, and such dismissal shall not bar a future prosecution for the same offense.''

(2). The instruction of the court relative to the application of the statute of limitations was correct. We cannot agree with appellant's counsel that the order

entered on the first or old indictment reflected a trial and dismissal of the cause. On the contrary, it reflected a simple *nolle prosequi* or annulment of the indictment. The case comes within § 2889 of Crawford & Moses' Digest. *Gill* v. *State*, 38 Ark. 528; *Lay* v. *State*, 42 Ark. 105; *Stafford* v. *State*, 59 Ark. 413.

No error appearing, the judgment is affirmed.