## COMMONWEALTH *vs.* WILLIAM D. CORKIN.

Essex. Nov. 26, 1883. — Jan. 1, 1884. C. ALLEN & HOLMES, JJ., absent.

An indictment alleged that the defendant, at a time and place named, unlawfully used a certain instrument, which instrument he "in his hands then and there had and held, by then and there forcing and thrusting the instrument aforesaid into the body and womb of a certain woman" named, "with intent then and there to cause and procure the miscarriage of" the woman. *Held*, on demurrer, that the indictment sufficiently described the offence set forth in the Pub. Sts. *c.* 207, § 9.

At the trial of an indictment for unlawfully using a certain instrument, with intent to cause the miscarriage of a woman, evidence that, in addition to using the instrument, the defendant also administered other unlawful treatment for the same purpose, and evidence that he used the same treatment on the same woman upon two other occasions than that named in the indictment, and but a few days previously thereto, is competent to show his intent and his knowledge of the pregnant condition of the woman.

INDICTMENT on the Pub. Sts. *c.* 207, § 9, alleging that the defendant, on November 27, 1882, at Lynn, "feloniously, maliciously, and unlawfully did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown, which instrument the said William D. Corkin in his hands then and there had and held, by then and there forcing and thrusting the instrument aforesaid into the body and womb of a certain woman whose name is Abby L. Cain, with intent thereby then and there to cause and procure the miscarriage of the said Abby L. Cain, against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

In the Superior Court, the defendant demurred to the indictment, on the ground of the insufficiency of the allegations therein. *Brigham,* C. J., overruled the demurrer; and the defendant excepted.

At the trial, the government introduced evidence tending to prove, that, on November 17, 1882, Abby L. Cain, the woman named in the indictment, applied to the defendant, who was a physician, informing him that she was about three months advanced in pregnancy, that she had been taking various drugs without effect, and wished him to prescribe for her; that he told her he did not think drugs alone would produce the desired effect; that, after a full consultation, he recommended and used

an electric battery, applying one of the plates to her abdomen and the other to her back, while she was lying upon a lounge, this treatment being continued for about an hour and a half; that during the treatment he made an examination with a speculum, and, while so doing, he inserted through the speculum into her womb a sharp instrument; that, in addition, he also prescribed for her certain medicines or drugs, which she took away with her; and that all these methods of treatment were for the purpose of causing a miscarriage.

The defendant objected to all the evidence offered, excepting that relating to the use of the instrument; but the judge admitted it.

The government then offered evidence tending to show that, on November 22 and 27, said Cain went to the defendant's office; and that, on each of those occasions, the same treatment was used as on the first occasion.

The defendant objected to this evidence; but the judge admitted it, and also the evidence above objected to, for the purpose of showing intent, and also the defendant's knowledge of the condition of pregnancy of Cain.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. B. Bryant*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The indictment must be construed as alleging that the defendant unlawfully used an instrument with intent to procure the miscarriage of a woman named; and it sufficiently describes the instrument, and the manner in which the defendant used it. This is a sufficient description of the statutory offence of using an instrument with intent to procure the miscarriage of a woman.

The evidence objected to was clearly competent for the purpose for which it was admitted. Whether it was of acts which formed part of the principal transaction, or of acts of the defendant at other times, it tended to prove attempts of the defendant to procure the identical result the intent to procure which constituted the gist of the offence charged, — that is, to prove the intent which was charged in the indictment. Being competent to prove the crime charged, it is no objection that it also tended

to prove other crimes. 3 Russ. on Crimes (5th ed.) 377 *& seq. Commonwealth* v. *Choate*, 105 Mass. 451. *Commonwealth* v. *McCarthy*, 119 Mass. 354. *Commonwealth* v. *Bradford*, 126 Mass. 42. *Commonwealth* v. *Jackson*, 132 Mass. 16.

*Exceptions overruled.*