COMMONWEALTH *vs.* EZEKIEL H. NOBLE & another.

Bristol. October 28, 1895. — November 29, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Indictment — Variance — Law and Fact.*

On the trial of an indictment for an attempt to procure the miscarriage of a certain woman, whereof she died, a motion to dismiss the indictment for the reason that there was a variance between an allegation therein and the proof is rightly overruled, if it cannot be held that there was a variance as matter of law, and the question of fact as to whether there was one was submitted to the jury under instructions to which no exception was taken.

INDICTMENT, in two counts, the first of which alleged that the defendant Noble, on April 30, 1895, " did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown, by then and there forcing and thrusting the instrument aforesaid into the body and womb of a certain woman whose name was Laura A. Atwood, with intent thereby then and there to cause and procure the miscarriage of the said Laura A. Atwood," whereof she died ; and the second of which charged the defendant Kelley with being an accessory before the fact.

At the trial in the Superior Court, before *Braley*, J., the defendant Noble pleaded not guilty, and the defendant Kelley pleaded *nolo contendere;* and the plea of Kelley was accepted by the District Attorney.

The defendant Kelley, called by the government as a witness, testified that Laura A. Atwood was pregnant by him, and had been about four months, when they went to the office of the defendant, where an abortion was performed on her, and he described the operation as follows.

He placed her in a chair with some iron rests under her feet with loops to hold the feet. He took a hollow instrument which was sort of funnel-shaped at one end and put it into her womb. He took some rubber tube out of a drawer, cut a piece off and fastened it with a string to a bunch of cotton. He also took out an instrument something like a poker, only it was not bent at the end straight like a poker, but was curved (witness indicating with his hand how it was curved). He put the rubber tube and cotton into the hollow instrument he had put in her and then took the poker-shaped instrument, pushed it in behind the cotton, then pulled it out, and took out the funnel-shaped instrument, and she got out of the chair. When he pushed the instrument in her she winced, and shut her mouth tightly as if in pain.

The defendant told her to pull out the cotton and rubber tube when the pain became unbearable, and on May 2 Mrs. Clark, a sister of the deceased, at the request of Atwood, pulled out the cotton, string, and tube ; that it was bloody, and shortly after a mass came away from the womb, which Mrs. Clark burned. Said Atwood lingered until June 4th, when she died.

On cross-examination Kelley was asked, by the counsel for the defendant Noble, if he had testified before the grand jury the same as he had testified at the trial, and Kelley answered, "Yes."

At the close of the evidence, and before the arguments, the defendant Noble moved to dismiss the indictment, for the reason that there was a variance between the allegation therein and the proof, the indictment alleging that the name of the instrument was to the jurors unknown, whereas the proof was that the name of the instrument and a more particular description of it were known to the grand jurors through the testimony of Kelley.

The judge overruled the motion, and the defendant Noble excepted.

The case was submitted to the jury, with full and proper instructions to which no exception was taken. Among other things the judge instructed the jury fully as to the grand jury charging the instrument being unknown at the time of finding the indictment, and that if they found a variance under such allegation they must return a verdict of not guilty by reason of such variance.

The jury returned a verdict of guilty; and the defendant Noble alleged exceptions.

*G. R. Swasey*, (*J. E. Costello & J. F. Morris* with him,) for the defendant Noble.

*A. J. Jennings*, District Attorney, for the plaintiff.

MORTON, J. The only question which has been argued is that which was raised at the conclusion of the testimony by a motion to dismiss the indictment because of a variance between the allegation in the indictment that the defendant " did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown," and the proof. The defendant Kelley, called as a witness by the government, described how the abortion was performed, and, in answer to a question put to him on the cross-examination, said that he had testified the same at the trial as he did before the grand jury. He was not asked to state, and did not state specifically, what his testimony before the grand jury was. If he had done so, it is possible that it might have appeared that his conclusion that he had testified the same before the petit jury as he did before the grand jury was not entirely correct. We incline to think, therefore, that the testimony before the grand jury, so far as relied on to establish a variance should have been reproduced as there given, in order that the court itself might judge whether it was the same as that at the trial. But assuming in the present case that it was the same, and that the grand jury gave credence to it, the contention of the defendant goes almost, if not quite, to the extent of requiring him to maintain, as was said of a similar contention in *Commonwealth* v. *Coy*, 157 Mass. 200, 215, " that every cause of which there is any suggestion in the evidence [before the grand jury] must be specifically alleged in the indictment, or it will not support the indictment if proved at the trial." Although the grand jury was required to state the means by which the

abortion was produced with as much certainty as the nature of the evidence before them would warrant, they well might have been uncertain as to which one of the instrumentalities used caused the abortion, or how to describe them or name them. We do not see how it could have been properly held that there was, as matter of law, a variance, and we think that the motion was rightly overruled. The question of fact as to whether there was one was submitted to the jury under instructions to which no exception was taken. *Commonwealth* v. *Webster,* 5 Cush. 295. *Commonwealth* v. *Martin,* 125 Mass. 394. *Commonwealth* v. *Coy,* 157 Mass. 200. *Commonwealth* v. *Holmes,* 157 Mass. 233.

The allegation in the indictment was in a form which has been approved heretofore; *Commonwealth* v. *Jackson,* 15 Gray, 187; *Commonwealth* v. *Corkin,* 136 Mass. 429; though another form varying slightly also has been used. *Commonwealth* v. *Brown,* 121 Mass. 69. *Commonwealth* v. *Follansbee,* 155 Mass. 274. *Commonwealth* v. *Thompson,* 159 Mass. 56, 58.

The exceptions as to the testimony of Kelley, and the further cross-examination of Atwood by the District Attorney, have not been argued, and we regard them as waived.

*Exceptions overruled.*