[Crim. No. 452.  First Appellate District.—October 29, 1913.]

## THE PEOPLE, Respondent, v. ROSY GUARAGNA, Appellant.

CRIMINAL LAW—INDICTMENT—PURPOSE OF PLEADING PARTICULARS.— Primarily the purpose of precision in pleading the particulars of a crime is to preclude the possibility of a second prosecution for the same act, and at the same time to inform the defendant with reasonable certainty of that which he will be called upon to meet and defend against upon the trial.

ID.—ABORTION—SUFFICIENCY OF· INDICTMENT—DESCRIPTION OF INSTRUMENTS AND MANNER OF THEIR USE.—An information charging an abortion is not insufficient because of failure to allege by name or description the character of the instruments alleged to have been employed, or of failure to specify the manner in which the instruments were used, where the doing of every act essential to the commission of the crime is alleged in the language of the statute, and it is specifically charged that the crime was committed by the use of "instruments in and about and within the body" of the alleged victim.

ID.—ARGUMENT OF DISTRICT ATTORNEY—REFERENCE TO REPUTATION OF ACCUSED.—In a prosecution for abortion it is not misconduct for

the district attorney in his argument to the jury to state that the evidence discloses that the defendant is generally reputed to be a professional abortionist, where positive testimony to that effect has been developed by counsel for the defendant upon cross-examination of the people's witnesses.

ID.—INSTRUCTION—REFUSAL BECAUSE COVERED BY OTHERS.—It is not error to refuse to instruct the jury that they should acquit the defendant if they find that the abortion charged was produced by means of drugs, and not, as alleged in the information, by the use of instruments, where the subject matter of such instruction is completely and correctly covered in the charge of the court.

ID.—EVIDENCE—SUFFICIENCY TO CONVICT OF ABORTION.—In this prosecution for abortion the evidence, direct, circumstantial, and opinion, is amply sufficient to justify the finding of the jury implied from the verdict that the defendant, by means of instruments of some kind, committed the crime charged.

ID.—EVIDENCE—GENERAL ASSIGNMENT OF ERROR—REVIEW ON APPEAL.— Where some eighteen rulings upon the admission or rejection of evidence are generally assigned as error, and no particular point concerning any one of the rulings is discussed in the brief of the appellant, but the appellate court is merely referred to the pages and folios of the transcript where the objections and rulings are to be found, it will not examine and pass upon points thus presented.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. William H. Donahue, Judge.

The facts are stated in the opinion of the court.

H. D. Gill, W. S. O'Brien, and Frank Sprague, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LENNON, P. J.—The defendant was convicted of the crime commonly called abortion, and which is defined by section 274 of the Penal Code. She has appealed from the judgment, and from an order denying her motion for a new trial.

The charging part of the information was not demurrable upon the ground of uncertainty. Primarily the purpose of precision in pleading the particulars of a crime is to preclude the possibility of a second prosecution for the same act and at the same time to inform the defendant with reasonable cer-

tainty of that which he will be called upon to meet and defend against upon the trial.

The information in the present case alleged in the language of the statute the doing of every act essential to the commission of the crime as defined by section 274 of the Penal Code, and specifically charged that such crime was committed by the use of "instruments in and about and within the body" of the person named as the victim of the alleged abortion. This being so, it is obvious that the judgment of conviction in the present case could be readily and successfully pleaded as a bar to a second prosecution of the defendant for the acts charged in the present information. True, the information did not by name or description indicate the character of the instruments alleged to have been employed in the commission of the offense, nor did it specify the manner in whch such instruments were used. Nevertheless, in its entirety it fairly and with sufficient certainty informed the defendant of all that was reasonably necessary for her to know in order to prepare and present an intelligent and honest defense. It was not absolutely necessary to allege the name of the instrument used to produce the abortion. (*State* v. *Reed,* 45 Ark. 333; *Commonwealth* v. *Noble,* 165 Mass. 13, [42 N. E. 328] ; *Commonwealth* v. *Thompson,* 159 Mass. 56, [33 N. E. 1111]; *Commonwealth* v. *Corkin,* 136 Mass. 429; *Commonwealth* v. *Jackson,* 15 Gray (Mass.), 187; *People* v. *Lohman,* 2 Barb. (N. Y.) 216, 220.)

The information would have been good beyond cavil if it had alleged that the character of the instrument employed to produce the abortion was unknown. (*Baker* v. *People,* 105 Ill. 452.) This must be so; otherwise crimes of the character under discussion would frequently go unpunished. Obviously an allegation that the instruments used were unknown would not have rendered the information more certain or efficacious than it is in its present form; and therefore we cannot conceive of any sound reason why the information would not be equally good without such allegation.

The allegation that the instruments employed to produce the abortion were used "in and about and within the body" of the person who submitted to the operation, sufficiently indicated the manner in which the offense was committed. The meaning of this allegation should be clear to every person

of ordinary intelligence; and the contention that it might be construed to mean that the instruments were inserted in the nose or the ear cannot be taken seriously.

The district attorney did not transgress the limits of legitimate argument in his presentation of the people's case to the jury. He was well within the record when he declared that the evidence upon the whole case disclosed that the defendant was generally reputed to be a professional abortionist. This declaration was not the result of a mere deduction from the evidence, but was based upon positive testimony developed by counsel for the defendant upon cross-examination of two of the people's witnesses, to the effect that the defendant was generally reputed to be engaged in the business of producing abortions. The fact that this testimony was developed upon cross-examination did not detract from its value as evidence, nor preclude the district attorney from commenting upon it.

The trial court did not err in refusing to give certain requested instructions, which were to the effect that the jury should acquit the defendant if it found that the abortion charged was produced by means of drugs and not, as alleged in the information, by the use of instruments. The subject matter of these instructions was clearly, completely, and correctly covered in the charge of the court.

The evidence is sufficient to support the verdict and judgment. The testimony produced upon the trial is too voluminous to be even summarized in this opinion; and therefore it must suffice for us to say that upon a careful reading of the record we are satisfied that the evidence upon the whole case, direct, circumstantial, and opinion, was amply sufficient to justify the finding of the jury implied from the verdict that the defendant, by means of instruments of some kind, committed the crime charged in the information, with the knowledge, intent, and purpose therein alleged.

It was objected at the trial that the hypothetical question put to the prosecution's expert witnesses was not based upon the evidence in the case. When directed by the trial court to point out wherein the question was deficient in its statement of the evidence, counsel for the defendant designated only one particular in support of his objection. The record shows that the question objected to conformed to the evidence in the particular pointed out, and in its entirety fully and fairly

stated the evidence adduced upon the whole case. The objection, therefore, was not well taken and was rightfully overruled.

Some eighteen rulings of the trial court made upon the admission or rejection of evidence are generally assigned as error. No particular point concerning any one of these rulings is discussed in the brief of counsel for the defendant. We are merely referred to the pages and folios of the transcript where the objections and rulings are to be found. This court is not required to examine and pass upon points thus presented. (*People* v. *Woon Tuck*, 120 Cal. 294, [52 Pac. 833] ; *People* v. *McLean*, 135 Cal. 306, [67 Pac. 694] ; *People* v. *Cebulla*, 137 Cal. 314, [70 Pac. 181] ; *People* v. *Chutnacut*, 141 Cal. 682, [75 Pac. 340].)

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.