[Crim. No. 10995. Second Dist., Div. Two. Sept. 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MADLYN CARTER, Defendant and Appellant.

Joe Ingber for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.— On November 6, 1964, an information was filed charging appellant with grand theft from the person in violation of section 487, subdivision 2, of the Penal Code. She was also charged with two priors, of grand theft in 1948 and burglary in 1948. The language of the information is essentially that of the statute. Appellant was arraigned and pleaded ''Not Guilty'' and denied the priors. A trial date was set. On the date of trial, appellant withdrew her plea of not guilty and entered a plea of guilty to a violation of section 240 of the Penal Code,[1] simple assault. Appellant was not formally arraigned on this latter charge. A probation report was ordered. The record indicates that all parties assumed that the assault was a lesser, but necessarily included offense in the crime of grand theft from the person.

Appellant was represented at all times by counsel of her own choosing. On arraignment for sentence, defense counsel argued strenuously for probation. It was denied. Appellant appeals on the ground that simple assault is not an offense necessarily included in the offense charged in the information, and therefore she was never properly arraigned. The same counsel who represented appellant at the trial, represents her on this appeal.

The information upon which Madlyn Carter was arraigned, charged in pertinent part as follows: ''. . . MADLYN CARTER, is accused . . . of the crime of GRAND THEFT FROM THE PERSON in violation of Section 487, Subdivision 2, Penal Code of California, a felony, committed as follows:

''That the said MADLYN CARTER, on or about the 29th day of September, 1964, at and in the County of Los Angeles, State of California, did wilfully, unlawfully and feloniously take from the person of George John Rudy, Twelve Hundred and 00/100 Dollars ($1,200.00), lawful money of the United States, the personal property of George John Rudy.''

Respondent's sole argument is that simple assault is necessarily included in the crime of grand theft from the person. We do not reach that question. We hold that by pleading guilty to simple assault, appellant has waived her right to complain about what, in the circumstances at bench, amounts to a technical procedural error.

Penal Code, section 976 provides: ''When the accusatory pleading is filed, the defendant must be arraigned thereon

---

[1]Section 240. *Assault defined.* An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.

before the court in which it is filed, unless the action is transferred to some other court for trial.'' ▆ The accusatory pleading, in this case the information, is to fairly apprise the appellant of the nature of the charge against her so that she may prepare her defense and, upon acquittal or conviction, prevent a second prosecution for the same crime. (*People* v. *Guaragna,* 23 Cal.App. 120, 121-122 [137 P. 279]; *People* v. *Malley,* 49 Cal.App. 597, 605 [194 P. 48].)

▆ The purpose of the arraignment is to inform the accused of the charge and give her an opportunity to plead to it either by plea or demurrer, or move to set it aside. (*People* v. *Bond,* 179 Cal.App.2d 820, 822 [4 Cal.Rptr. 446]; *In re Mitchell,* 56 Cal.2d 667, 670 [16 Cal.Rptr. 281, 365 P.2d 177]; Witkin, California Criminal Procedure, p. 206.)

In *People* v. *O'Hara,* 184 Cal.App.2d 798 [8 Cal.Rptr. 114], the defendant was charged with grand theft from a certain person in 1957. He pleaded not guilty and was tried. During the course of the trial, the information was amended to charge that the crime was committed in 1958. On appeal, the defendant urged that he had not been rearraigned on the amended information so that he could plead thereto. In affirming the conviction, the court said at p. 812, quoting in part from *People* v. *Walker,* 170 Cal.App.2d 159 [338 P.2d 536] :

'' 'Nor do we find merit in appellant's contention that he was deprived of an arraignment and plea on the amended information. . . . [W]e perceive here no violation of defendant's substantial or constitutional right or any prejudice to him because his plea was not entered to the amended charge, for he secured all the advantages of a plea of not guilty regularly entered. . . .' In the present case it appears . . . that appellant acquiesced in the course pursued. . . . No substantial right of appellant was prejudiced by the amendment or the failure to rearraign him.''

▆ While the facts at bench differ from those of the *O'Hara* case, the language excerpted above indicates that a technical impropriety in the arraignment of accused can be waived by acquiescence where no substantial impairment of rights occurs. In the present case, appellant was properly arraigned on the grand theft charge and was given an opportunity to plead thereto. Instead, she chose to plead guilty to a different crime but one which all parties assumed to be necessarily included in the grand theft.

The reporter's transcript on appeal reveals that appellant

and her counsel were fully aware of the crime to which she pleaded guilty.

"MR. FORD: [deputy district attorney] Mrs. Carter, in Case No. 295,522, you were charged with a violation of Section 487.2 of the Penal Code, and included therein is the lesser necessarily included offense of the charge of simple assault in violation of Section 240 of the Penal Code.

"Now, do you understand the nature of the charges against you?

"THE DEFENDANT: Yes.

"MR. FORD: Now, you have talked about this to your attorney, and you understand what your rights are in this matter, is that correct?

"A. Yes.

"Q. And now, you wish to plead guilty to the charge of simple assault, a violation of Section 240 of the Penal Code, a misdemeanor, and you are doing this freely and voluntarily?

"THE DEFENDANT: Yes.

"MR. FORD: You feel that you are guilty of simple assault?

"THE DEFENDANT: Yes.

"MR. FORD: No one is forcing you to plead guilty?

"THE DEFENDANT: No.

"MR. FORD: No one has promised you anything for pleading you are guilty?

"THE DEFENDANT: No.

"MR. FORD: Then, to the charge of simple assault, a misdemeanor, an included offense in the charges against you, how do you plead?

"THE DEFENDANT: Guilty."

The preliminary transcript is not before this court. We assume that the status of the case persuaded counsel for both sides and the defendant personally that a disposition by a plea of guilty to a lesser offense was expedient. Nothing in the record or in the briefs indicates that appellant's rights were in any way impaired by the acceptance of her plea, even though the accusatory pleading could have been improved in view of the fact that procedure for the presentation of the case to the trial judge had been agreed upon by respective counsel and appellant.

Further, in the absence of any showing of surprise by appellant, her plea of guilty to a crime which she and her counsel conceded to be "necessarily included" in the offense charged, constituted an admission that the crime to which she pleaded was within the language of the information.

In *In re Cook,* 13 Cal.App. 399 [110 P. 352], appellant was charged by indictment with escaping from state prison. The charge was in the statutory language. Appellant had pleaded guilty to a lesser included offense, attempting to escape. On appeal he urged that the entire proceeding must fall because the crime of escaping, for which he was charged, was unconstitutional. The court, omitting a decision on the question of constitutionality, noted that defendant had pleaded guilty to a separate and distinct offense. The court stated at page 403:

"We do not intend to be understood as saying that, if the only offense sought to be charged against the prisoner was that of an attempt to escape from a prison, the indictment would not have been compelled to yield to the claims of a demurrer; but there was no demurrer, and, therefore, whatever defects might characterize the statement of the offense to which the prisoner pleaded guilty were waived by said plea. His plea, in other words, amounted to an *admission that the offense of which he thus confessed his guilt was within the language of the indictment.*" (Italics added.) (See also, *People* v. *Beesly,* 119 Cal.App. 82, 87 [6 P.2d 114, 970]; *People* v. *Troyn,* 229 Cal.App.2d 181, 185-186 [39 Cal.Rptr. 924].)

We said in *People* v. *Bravo,* 237 Cal.App.2d 459, at page 462 [46 Cal.Rptr. 921]: ". . . if such a plea to a lesser, necessarily included offense *is accepted and acted upon* by the trial court, it should be binding upon it." ▮ Where there is no surprise, fraud or undue pressure, and the rights of appellant are not otherwise impaired, the plea of guilty should be equally binding upon the appellant.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.