[No. C059391. Third Dist. June 9, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE ALLEN HODGES, Defendant and Appellant.

■■■■■■

■■■■■■

## Counsel

Ronald Richard Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Stephen G. Herndon, Alison Elle Aleman and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMS, J.**—Defendant Eddie Allen Hodges appeals a conviction based on his guilty plea to failure to register as a sex offender (Pen. Code, § 290)[1] and his admission of a prior serious felony conviction (§ 1170.12). Although defendant failed to obtain a certificate of probable cause, he nonetheless challenges the propriety of a sentence enhancement for his prior serious felony conviction. He also asserts that his mental incompetence at the time of the plea requires that it be set aside. Correctly anticipating that the lack of a certificate of probable cause imposes a procedural bar, defendant contends that his federal due process and equal protection rights are violated by section 1237.5[2] and California Rules of Court, rule 8.304(b),[3] which require a

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 1237.5 provides, in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

[3] Undesignated rule references are to the California Rules of Court. Rule 8.304(b) provides, in relevant part, "(1) Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere . . . , the defendant must file in that superior court—with the notice of appeal . . . the statement required by . . . section 1237.5 for issuance of a certificate of probable cause. [¶] (2) Within 20 days after the defendant files a statement under (1), the superior court must sign and file either a certificate of probable cause or an order denying the certificate. [¶] (3) If the defendant does not file the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the

certificate before a defendant who pled guilty or no contest may appeal issues other than denial of a motion to suppress evidence or postplea errors that do not attack the validity of the plea.

█ We conclude that defendant's failure to obtain a certificate of probable cause bars the appeal based on his first two arguments, and that he demonstrates no constitutional defect in the certificate requirement. As a consequence, we shall dismiss the appeal.

## BACKGROUND

We dispense with a recitation of the facts surrounding the underlying offense because defendant's arguments do not require their consideration. Thus, we turn to the pertinent procedural history of the case.

In April 2007, the Shasta County District Attorney filed two felony cases against defendant. The information in *People v. Hodges* (Super. Ct. Shasta County, 2008, No. 05F5951) charged defendant with two counts of failing to register as a sex offender (§ 290), and alleged that he had four prior serious felony convictions (§ 1170.12) as well as having served a prior prison term (§ 667.5, subd. (b)). The information in case No. 06F8882 charged defendant with a single count of failure to register as a sex offender (§ 290), and alleged one prior serious felony conviction (§ 1170.12) as well as two prior prison terms (§ 667.5, subd. (b)).

The superior court appointed the public defender to represent defendant in both cases.

Over the next five months, defendant four times moved for the appointment of new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]. The trial court denied the first three *Marsden* motions, and defendant agreed to withdraw his fourth in order to allow his new attorney to become familiar with the case.

In December 2007, the district attorney filed a consolidated information charging defendant with four counts of failing to register as a sex offender (§ 290). Under count one, the information alleged that defendant had three prior serious felony convictions (§ 1170.12), and had served two prior prison terms (§ 667.5, subd. (b)).

notice of appeal 'Inoperative,' notify the defendant, and send a copy of the marked notice of appeal to the district appellate project. [¶] (4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under . . . section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity. [¶] (5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)."

In March 2008, defendant filed a handwritten motion for the appointment of a psychiatrist. On April 8, 2008, defendant appeared in court with counsel. The minute order indicates that trial counsel would address defendant's motion three days later "if necessary." At the next court appearance, defendant did not renew his motion but instead accepted a negotiated plea agreement with a stipulated six-year prison term.

Defendant filled out a plea agreement form, indicating that he understood the deal to be: "GUILTY CT 3 PC 290(A)(1) Felony [¶] ADMIT 1 STRIKE (Suffered the conviction) [¶] DISMISS OTHER COUNT AND SPECIAL ALLEGATION [¶] NO PROBATION REPORT STIP 3yr x 2 = 6yr SP [¶] Sentence Continued 30 days."[4] Defendant also expressly waived any right to appeal his sentence or the denial of his motions.

Shortly before sentencing, the trial court granted the district attorney's motion to amend the information to allege that the sentence enhancement applied to the substantive count to which defendant admitted. Trial counsel expressed no objection to the amendment when the court asked for comment.

On May 23, 2008, the trial court sentenced defendant to the stipulated six-year prison term. On July 2, 2008, defendant in propria persona timely filed a notice of appeal along with a request for a certificate of probable cause on the issue of presentence custody credits.[5] On August 1, 2008, defendant filed a second, late notice of appeal with a request for a certificate of probable cause in order to raise multiple issues, including mental competency. Defendant's second notice of appeal indicates that he filed it late because his correctional facility had "been in lockdown" so that he lacked prison library access.

The record does not contain the trial court's ruling on the first request for a certificate of probable cause. The trial court's ruling on the second request indicates that the denial was based on lack of arguability rather than untimeliness in filing.

This court granted defendant's request for the appointment of appellate counsel based on indigency. As is our practice, we granted counsel authority

---

[4] We accept defendant's unchallenged representation that he amended the number of days of continuance for sentencing to be 30 on the plea agreement form due to the trial court's rejection of the proposed 60 days.

[5] Presentence custody credit issues do not require a certificate of probable cause. Instead, a defendant must raise the issue at sentencing, or, upon later discovery of miscalculation, by motion for correction of the record in the trial court. (§ 1237.1.) If the error is not corrected by the trial court, defendant may appeal the issue without a certificate of probable cause. (See *People v. Fares* (1993) 16 Cal.App.4th 954, 960 [20 Cal.Rptr.2d 314].)

to represent defendant on direct appeal to this court as well as authority to prepare and file a petition for review in the California Supreme Court. The issues have been briefed by appellate counsel, and we proceed to address them.

## DISCUSSION

## I

### Lack of Arraignment on the Amended Information

Defendant urges us to set aside his sentence because he was not arraigned on the sentence enhancement allegation when the trial court amended the information to conform to his plea. Defendant's argument represents an attack on the validity of the plea even though the amendment occurred after the plea. Thus, defendant's argument is barred for failure to secure a certificate of probable cause. (Rule 8.304(b)(4)(B).)

Although defendant twice requested a certificate of probable cause, the record does not show that the trial court granted either request. No trial court order granting his first request can be found in the record. Defendant's opening brief is conspicuously silent on the point even while noting that his second request for a certificate of probable cause was expressly denied. The trial court's denial of his second request implicitly concluded that none of his issues had arguable merit because the denial was not premised on untimely filing or other procedural default. Defendant has not secured a certificate of probable cause on any ground.

Despite the lack of a certificate, he nonetheless asserts that the failure to arraign him on the amended information requires resentencing. While he elsewhere argues that he should be excused from the certificate requirement, that argument focuses exclusively on the certificate requirement with respect to his mental incompetence issue. Defendant simply assumes that he can argue for resentencing without a certificate of probable cause. He cannot.

■ Because defendant's negotiated plea agreement specified a six-year prison term, his attack on the stipulated term constitutes an attack on the validity of his plea. "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308] [superseded by statute on alternative grounds as stated in *In re Chavez* (2003) 30 Cal.4th 643, 656 [134 Cal.Rptr.2d 54, 68 P.3d 347]].) Hence, the

critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

■ Defendant contends that the trial court erred by failing to arraign him after entry of his plea. "The purpose of the arraignment is to inform the accused of the charge and give [him or] her an opportunity to plead to it either by plea or demurrer, or move to set it aside." (*People v. Carter* (1966) 245 Cal.App.2d 48, 50 [53 Cal.Rptr. 660].) This means that defendant now asserts error for not being given the chance to deny the sentence enhancement allegation that he admitted in his plea. A guilty plea conclusively admits the truth of a charged offense or allegation. (*In re Chavez, supra*, 30 Cal.4th at p. 649.) Seeking arraignment on an admitted allegation represents an attack on the validity of the plea.

■ The nature of relief that defendant seeks confirms that his argument represents an attack on the validity of the plea. Defendant asks us to set aside the central term of the plea agreement: the stipulated six-year sentence. " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766 [37 Cal.Rptr.3d 354, 125 P.3d 290], quoting *People v. Panizzon, supra*, 13 Cal.4th at p. 79.) The relief defendant requests establishes that his argument is, in substance, an attack on the validity of the plea. For that reason, his appeal is barred by the lack of a certificate of probable cause.

## II

### Mental Competency Challenge

Defendant next contends that the trial court erred by failing to suspend the proceedings in order to have his mental competency assessed pursuant to section 1368. To this end, defendant argues that the trial court erred in failing to detect his mental incompetence during the hearings on his *Marsden* motions and in his handwritten motion for appointment of a psychiatrist. These motions, however, occurred prior to his guilty plea. As we have noted, defendant did not obtain a certificate of probable cause.

■ The California Supreme Court has declared that "mental incompetence issues are indeed certificate issues, inasmuch as they are questions going to the legality of the proceedings, and, specifically, the validity of his guilty plea." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1100 [81 Cal.Rptr.2d 301, 969 P.2d 146].) Because the defendant in *Mendez* failed to secure a

certificate of probable cause before challenging his mental competence to enter a plea, the high court held that the appeal needed to be dismissed. (*Id.* at p. 1104.) ■ In so concluding, the *Mendez* court instructed that the requirement for a certificate of probable cause "should be applied in a strict manner." (*Id.* at p. 1098.)

We follow *Mendez* to conclude that defendant's mental competency argument is barred for lack of certificate of probable cause.

## III

### The Certificate of Probable Cause Requirement Does Not Violate the Due Process and Equal Protection Clauses

Defendant concludes by shifting his attack from the validity of his guilty plea to the validity of the certificate of probable cause requirement. Defendant contends that the certificate requirement violates federal due process and equal protection guarantees because he is entitled to the assistance of appointed appellate counsel in perfecting his appeal. We conclude that defendant's constitutional rights were not violated by requiring him to request trial counsel's assistance with filing a notice of appeal and request for a certificate of probable cause.

### A

■ We begin our analysis by rejecting defendant's assertion that California requires "a defendant, *without the assistance of counsel*, to obtain a certificate of probable cause regarding the issue of his own competence . . . ." (Italics added.) To the contrary, section 1240.1 entitles defendants to the assistance of trial counsel in perfecting their appeals, including help with requests for a certificate of probable cause.

■ Subdivision (b) of section 1240.1 imposes a duty on trial counsel to "execute and file on his or her client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders appealed from" or "when directed to do so by a defendant having a right to appeal." In addition to the duty to assist with the filing of a notice of appeal, trial counsel has a responsibility to advise a defendant regarding potential issues for appeal. (§ 1240.1, subd. (a).)[6] A defendant may also seek the independent advice of

---

[6] Subdivision (a) of section 1240.1 provides, in relevant part, "In any noncapital criminal, juvenile court, or civil commitment case wherein the defendant would be entitled to the appointment of counsel on appeal if indigent, it shall be the duty of the attorney who

the State Public Defender as to potential issues, including those concerning ineffective assistance of counsel. (*Ibid.*; § 1240.1, subd. (c).[7]

■ If trial counsel believes that there exist arguably meritorious issues concerning the validity of the plea, counsel has a duty to help with requesting a certificate of probable cause for a defendant who has asked to appeal. "When a defendant makes a timely request of his trial attorney to file an appeal from a judgment upon a plea of guilty, the attorney must file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him." (*People v. Ribero, supra*, 4 Cal.3d at p. 65.) As the *Ribero* court explained, "The Legislature has conditioned the right to appeal from a plea of guilty upon the filing of the required statement. Advice or assistance of counsel in filing the notice of appeal is meaningless if counsel does not also advise or assist in preparation and filing of the required statement. It follows that counsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5." (*Id.* at p. 66.)

■ The entitlement to assistance with filing the notice of appeal and request for a certificate of probable cause undermines defendant's contention that "[a] defendant of doubtful competence to stand trial cannot be expected to bear the burden of preparing an adequate request for a certificate of probable cause." Defendants do not bear the burden of preparing the requests (unless they choose to do so themselves), but need only to ask for assistance from their trial counsel. (*People v. Ribero, supra*, 4 Cal.3d at p. 65.) The requirement to ask for help from trial counsel is a light burden to be shouldered by a defendant.

While the burden is light, it is not optional. The California Supreme Court, in *People v. Mendez, supra*, 19 Cal.4th at page 1100, footnote 10, explained that "subdivision (b) of section 1240.1 imposes a duty on appointed counsel in the superior court, under certain circumstances, to 'file . . . a timely notice of appeal' on the defendant's behalf, and to 'file' therewith a 'brief statement of the points to be raised on appeal,' and that subdivision (d) of the same

---

represented the person at trial to provide counsel and advice as to whether arguably meritorious grounds exist for reversal or modification of the judgment on appeal. The attorney shall admonish the defendant that he or she is not able to provide advice concerning his or her own competency, and that the State Public Defender or other counsel should be consulted for advice as to whether an issue regarding the competency of counsel should be raised on appeal."

[7] Subdivision (c) of section 1240.1 provides, "The State Public Defender shall, at the request of any attorney representing a prospective indigent appellant or at the request of the prospective indigent appellant himself or herself, provide counsel and advice to the prospective indigent appellant or attorney as to whether arguably meritorious grounds exist on which the judgment or order to be appealed from would be reversed or modified on appeal."

provision states that appointed counsel's failure to do so 'shall not foreclose [the] defendant from filing a notice of appeal on his . . . own behalf or from raising any point or argument on appeal . . . .' We believe that the foregoing allows the defendant to comply with section 1237.5 and rule 31(d), first paragraph, either by himself or through another, even if his counsel does not do so on his behalf. But we do not believe that it allows him *not* to comply without suffering the consequences." (See also *People v. Ivester* (1991) 235 Cal.App.3d 328, 337 [286 Cal.Rptr. 540]; *People v. Davis* (1967) 255 Cal.App.2d 907, 909 [64 Cal.Rptr. 1].)

In this case, defendant does not assert that he asked trial counsel to help him file the notice of appeal or request for certificate of probable cause. The record does not indicate that defendant ever expressed to trial counsel any interest in appealing. Upon asking, however, he would have been entitled to assistance of trial counsel in perfecting his appeal. (§ 1240.1, subd. (b).) Given the trial court's denial of a certificate of probable cause on the implicit finding of lack of arguable issues, a request for assistance might have yielded advice from trial counsel that no appeal was tenable. The right to assistance of counsel does not encompass the right to pursue frivolous or vexatious issues. (*Anders v. California* (1967) 386 U.S. 738, 744 [18 L.Ed.2d 493, 87 S.Ct. 1396].)

Dismissing the value of trial counsel's assistance in perfecting an appeal, defendant asserts that "a transcript and motion by trial counsel are not adequate stand-ins for an appellate lawyer's review of the record and legal research." (*Halbert v. Michigan* (2005) 545 U.S. 605, 620 [162 L.Ed.2d 552, 125 S.Ct. 2582] (*Halbert*).) Thus, defendant wants *appellate* counsel in the *trial* court as well as in the Court of Appeal. We shall conclude that defendant's statutory entitlement to assistance of trial counsel in perfecting his appeal (even if he chose not to avail himself of the help) satisfies the due process and equal protection clauses.

**B**

In support of his constitutional challenge, defendant relies solely on *Halbert, supra*, 545 U.S. 605 [162 L.Ed.2d 552]. In *Halbert*, the United States Supreme Court held that the State of Michigan's postplea requirement that defendants obtain leave before being allowed to appeal violated the due process and equal protection clauses. (545 U.S. at p. 610.) *Halbert* involved a rule that defendants in plea cases themselves submit applications for leave to appeal to Michigan's intermediate appellate court. (*Id.* at p. 612.) If the court of appeals granted leave, it then appointed appellate counsel. (*Id.* at pp. 612–613.) Michigan defendants in plea cases automatically received the

benefit of appellate counsel only when the prosecution sought to appeal or the defendant's sentence exceeded the upper limit of the minimum sentence range. (*Id.* at p. 613.)

To obtain leave to appeal, defendants needed to " 'submit five copies of the application [for leave to appeal] "stating the date and nature of the judgment or order appealed from; concisely reciting the appellant's allegations of error and the relief sought; [and] setting forth a concise argument . . . in support of the appellant's position on each issue." ' " (*Halbert, supra*, 545 U.S. at p. 622, quoting *Kowalski v. Tesmer* (2004) 543 U.S. 125, 141 [160 L.Ed.2d 519, 125 S.Ct. 564], first bracketed insertion added.) The Michigan Court of Appeals reviewed these pro se applications, and summarily denied many on the basis of " 'lack of merit in the grounds presented.' " (545 U.S. at pp. 612–613.) Finding the leave requirements onerous for indigent defendants, the United States Supreme Court held the Michigan rule unconstitutional. (*Id.* at p. 622.)

In striking down the Michigan leave requirement, the *Halbert* court analogized to the rules of appellate procedure presented in *Douglas v. California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814] (*Douglas*). *Douglas* examined California's former appellate rules, which directed the Court of Appeal "upon the request of an indigent for counsel, [to] make 'an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. . . .' " (*Id.* at p. 355.)

The United States Supreme Court struck down the rule because inability to afford counsel led to prejudgment of appeals while nonindigents were able to secure appellate review on the merits of their claims. The *Douglas* court explained, "If he can [afford privately retained counsel] the appellate court passes on the merits of his case only after having the full benefit of written briefs and oral argument by counsel. If he cannot the appellate court is forced to prejudge the merits before it can even determine whether counsel should be provided. At this stage in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show that an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an *ex parte* examination of the record that the assistance of counsel is not required." (*Douglas, supra*, 372 U.S. at p. 356.)

Though the leave requirement in *Halbert* bears fleeting resemblance to California's present certificate of probable cause requirement, we conclude that the Michigan rule's infirmities do not plague this state's postplea procedures. Similarly, the rationale in *Douglas* for striking down California's

former constitutionally defective procedure governing appointment of appellate counsel does not apply to the current certificate of probable cause requirement. As we have shown, indigent defendants in California are entitled to the benefit of trial counsel's assistance in perfecting an appeal and appellate counsel's representation in the Court of Appeal even in plea cases lacking a certificate of probable cause. (Rule 8.304(b)(4); § 1240, subd. (a) [governing appointment of indigent appellate counsel].)

The key differences between California's certificate requirement and the appellate rules struck down in *Halbert* and *Douglas* may be found in (1) which court makes the initial assessment as to whether an issue may be raised on appeal, and (2) the fact that our state's certification requirement affords an indigent defendant the right to counsel to assist in filing the notice of appeal and a request for a certificate of probable cause.

The difference in courts charged with the screening function for plea cases serves to distinguish the degree of difficulty imposed on indigent defendants seeking review. In *Halbert* and *Douglas*, the intermediate appellate courts had the duty to determine which appeals should be allowed to proceed. (*Halbert, supra*, 545 U.S. at p. 617; *Douglas, supra*, 372 U.S. at p. 355.)

An appellate court necessarily comes to a case without any familiarity with the underlying facts, procedural history, or legal arguments advanced in the trial court. Thus, the Michigan Court of Appeals required "the defendant to provide information such as 'charge code(s), MCL citation/PACC Code,' state the issues and facts relevant to the appeal, and ' "state the law that supports your position and explain how the law applies to the facts of your case." ' " (*Halbert, supra*, 545 U.S. at p. 622, quoting Michigan's Application for Leave to Appeal After Sentencing on Plea of Guilty or Nolo Contendere.) In essence, the Michigan rule required abbreviated appeals from pro se defendants before the court would appoint appellate counsel for a full-fledged appeal on the merits. The United States Supreme Court concluded that the application for leave might not have been difficult for lawyers but imposed a high hurdle for those unschooled in law. (*Halbert, supra*, 545 U.S. at p. 621.)

*Douglas* involved a similar difficulty: an appellate court's unfamiliarity with a case prejudicing defendants who lacked appellate counsel to prepare briefs on the merits. (*Douglas, supra*, 372 U.S. at pp. 354–355.) *Douglas* held that pro se defendants cannot be expected to identify issues, tender arguments, and cite authority in a manner sufficient for meaningful appellate review. (*Id.* at p. 356.) The lack of appellate counsel violates federal due process and equal protection rights when the state provides first-tier appellate review but does not appoint counsel for indigents. (*Ibid.*)

■ The certificate of probable cause requirement at issue in this case avoids the difficulties presented in *Halbert* and *Douglas* by having the trial court screen cases for frivolous issues prior to appeal. (§ 1237.5, subd. (b); rule 8.304(b)(2).) A trial court that has accepted a defendant's guilty or no contest plea will be familiar with the underlying facts and will have heard the arguments and motions presented by counsel. (See § 1192.5 [requiring trial court to ascertain the factual basis for the plea]; *People v. Marlin* (2004) 124 Cal.App.4th 559, 571–572 [21 Cal.Rptr.3d 470].) Rather than needing to review a cold record without any knowledge of the case, the trial court is ready to assess whether a defendant's request for a certificate identifies any issues with arguable merit. Thus, subdivision (a) of section 1237.5 requires only "a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." No particular form of argument or citation is required, as in *Halbert*. (See *Halbert, supra,* 545 U.S. at p. 622.)

In contrast to technical appellate briefing requirements, an application for certificate of probable cause suffices when it apprises the trial court of the issues that a defendant seeks to raise on appeal. As the California Supreme Court has noted, section 1237.5 merely "requires the defendant to identify reasonable grounds for appeal in the trial court . . . ." (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177 [43 Cal.Rptr.2d 827, 899 P.2d 896].)

■ Underlying defendant's constitutional challenge is his assumption that a cogent and carefully crafted argument would have made the issuance of a certificate of probable cause more likely in this case. An effective application for a certificate, however, need not be a repeat performance of trial counsel's arguments or resemble an appellate brief to inform the trial court whether an issue is frivolous.

In this case, for example, we doubt that the trial court encountered any difficulty in discerning that defendant desired to challenge his mental competency to enter a plea. Defendant's second request for a certificate clearly indicated his wish to focus on the denial of his three *Marsden* motions as well as the denial of his motion for appointment of a psychiatrist in light of his mental disability. While not elegantly articulated, defendant's request clearly identified the mental competency issue in several ways. We believe it unlikely that appellate counsel could have sufficiently improved upon defendant's pro se request in order to convince the trial court to grant the certificate on the issue of mental incompetency.

The trial court had several opportunities to observe defendant's competency during the *Marsden* hearings and plea colloquy. Thus, the court had a sufficient basis for determining that defendant's pattern of alienating attorneys

revealed gamesmanship rather than mental incompetency. Moreover, it was the trial court that accepted a plea agreement in which defendant expressly waived any right to appeal his sentence or motions made prior to entry of the plea.

We recognize the value of appellate counsel (*In re Marriage of Shaban* (2001) 88 Cal.App.4th 398, 409–410 [105 Cal.Rptr.2d 863]), but doubt that appellate counsel could have effectively aided defendant *in the trial court.* Appellate counsel would have faced analogous difficulties as the appellate courts in *Halbert* and *Douglas*, namely, an unfamiliarity with the facts or arguments made below. During the 60 days after rendition of judgment that defendant had in order to file a request for a certificate of probable cause, appellate counsel would almost certainly have lacked the clerk's and reporter's transcripts of the proceedings. (Compare rule 8.308 [time to appeal] with rule 8.336(b) [requiring preparation of appellate record only after certificate is granted in a plea case]; rule 8.336(e) [allowing 60-day extensions, in addition to the 20-day initial time period, to prepare transcripts].)

Defendant's desire for appellate counsel in the trial court could be accommodated only by requiring preparation of transcripts to begin before entry of judgment or by substantially extending the time to file notices of appeal and requests for certificate of probable cause. Already, the median time for record preparation, appointment of appellate counsel, and briefing in the Court of Appeal consumes nearly 10 months. (Judicial Council of Cal., Admin. Off. of Cts., Rep. on Court Statistics (2008) Statewide Caseload Trends 1997–1998 Through 2006–2007, p. 27.) While a certificate of probable cause would likely require somewhat less time to prepare than appellate briefing, shifting responsibility for assistance in perfecting appeals to appellate counsel would accomplish nothing more than injecting needless delay into the certificate procedure. We disagree with defendant's presumption that trial counsel would have been any less skillful or diligent than appellate counsel in assisting with a request for a certificate of probable cause.

Defendant's argument for appointment of appellate counsel to help in the trial court relies on *Halbert* without acknowledging that the Michigan case involved appointment of appellate counsel in the *appellate* court. *Halbert* explained, " '[T]he assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the [record] may well be of substantial benefit to the defendant [and] may not be denied . . . solely because of his indigency.' " (*Halbert, supra*, 545 U.S. at p. 620, quoting *Swenson v. Bosler* (1967) 386 U.S. 258, 259 [18 L.Ed.2d 33, 87 S.Ct. 996].) Nothing in *Halbert* or *Douglas* compels the appointment of appellate counsel before trial court proceedings end.

■ After trial court proceedings conclude, indigent defendants receive appointed appellate counsel upon request. (See rule 8.300(a)(1); see also § 1240.1, subd. (b) [imposing a duty on trial counsel to assist indigent defendants with submitting requests for appointment of appellate counsel].) This appointment practice stands in contrast to *Halbert* and *Douglas*, in which indigent defendants did not receive appointment of appellate counsel upon request. Even in plea cases lacking a certificate of probable cause, defendants now receive the benefit of appellate counsel and a written decision after full briefing so long as the issues concern either the denial of suppression motions or issues arising after entry of the plea and which do not attack the validity of the plea. (Rule 8.304(b)(4).) When appellate counsel proves unable to find any issues, this court reviews the appellate record to discern whether arguably meritorious appellate issues exist. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) The rules of appellate review in plea cases do not involve the prejudgment of issues by appellate courts as was presented in *Halbert* and *Douglas*. (*Halbert, supra,* 545 U.S. at p. 617; *Douglas, supra,* 372 U.S. at p. 356.)

■ The certificate requirement passes constitutional muster because indigent defendants are entitled to receive assistance from trial counsel in perfecting their appeals and to assistance from appellate counsel in the Court of Appeal. Nonindigent defendants obtain no additional trial or appellate court review that is foreclosed to indigents. Regardless of ability to pay, defendants in plea cases who either obtain a certificate or raise noncertificate issues receive appellate review on the merits of their claims. Accordingly, we find nothing in the certificate requirement that violates defendant's federal due process or equal protection rights.

## CONCLUSION

■ Section 1237.5 provides that "[n]o appeal shall be taken" in the absence of a certificate of probable cause when a defendant has pled guilty or no contest. An appeal following a guilty plea is inoperative unless the notice of appeal indicates an intent to challenge only the denial of a motion to suppress evidence or postplea issues not undermining the validity of the plea. (*In re Chavez, supra,* 30 Cal.4th at p. 650.) We must dismiss the appeal because defendant presents arguments attacking the validity of the plea and an unsuccessful constitutional challenge to the certificate requirement. (See *People v. Ivester, supra,* 235 Cal.App.3d at p. 340 [dismissing appeal after considering constitutional challenge to certificate of probable cause requirement]; *People v. Davis, supra,* 255 Cal.App.2d at pp. 909–910 [same].)

## DISPOSITION

The appeal is dismissed.

Scotland, P. J., and Robie, J., concurred.

A petition for a rehearing was denied June 29, 2009, and appellant's petition for review by the Supreme Court was denied September 23, 2009, S174619. Werdegar, J., did not participate therein.