Filed 10/4/13  P. v. Garner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C070240 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-094750) |
| v. | |
| DONALD KEITH GARNER, | |
| Defendant and Appellant. | |

Pursuant to a plea bargain, defendant Donald Keith Garner pleaded no contest to a charge of receiving stolen property (Pen. Code, § 496, subd. (a)) and admitted three prior prison terms and four prior "strike" convictions (under the three strikes law), in exchange for dismissal of the remaining charges (commercial burglary, petty theft with priors, and marijuana possession).[1]

---

[1] Undesignated statutory references are to the Penal Code.

Sentenced under the three strikes law to 25 years to life, defendant appeals. He contends (1) Proposition 36, which the electorate passed in November 2012 to reform the three strikes law, applies to his case and he should be resentenced under the "two strikes law"; (2) alternatively, because the record shows that the conduct underlying three of his four strike convictions was not "serious felony" conduct, the imposition of a three strikes sentence was an abuse of discretion, even under pre-Proposition 36 law; and (3) a restitution fine was erroneously imposed (defendant has withdrawn this argument, having already obtained the relief sought).

We shall affirm the judgment. Given defendant's contentions on appeal, providing background facts is unnecessary.

## DISCUSSION

### I. Defendant Must Seek Resentencing Under Proposition 36 Through a Petition for a Recall of Sentence in the Trial Court Pursuant to Section 1170.126

Defendant contends this court should vacate his three strikes sentence and remand his case to the trial court for resentencing pursuant to amendments to sections 667 and 1170.12 of the three strikes law; the electorate enacted these amendments in November 2012 by passing Proposition 36.

As the People note, Proposition 36 reformed the three strikes law in two ways relevant here.

First, Proposition 36 now requires, with certain exceptions not pertinent here, that the third strike conviction be for a serious or violent felony. (See §§ 667, subd. (e), 1170.12, subd. (c).)

Second, Proposition 36 added section 1170.126 to the three strikes law. Section 1170.126 provides a resentencing option for "persons presently serving" a three strikes

2

sentence of 25 years to life, whose sentence under the Proposition 36 reforms would not have been a life sentence. (§ 1170.126, subd. (a).)

In asking us to vacate his sentence and remand the matter, defendant relies on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740. Under the *Estrada* rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature deeming its former penalty too severe), unless there is a "saving clause" providing for prospective application. (*Id.* at pp. 742, 745, 748.)

Recently, the Court of Appeal, Fifth Appellate District, concluded in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*) that the Proposition 36-added section 1170.126 is the equivalent of a "saving clause" and defeats the presumption of retroactivity set forth in *Estrada.* (*Yearwood*, at pp. 172, 176.)

Section 1170.126, as noted, applies to "persons presently serving" a three strikes sentence of 25 years to life; under it, such a person "may file [in the trial court] a petition for a recall of sentence" to request resentencing under Proposition 36; and, if the person is eligible under Proposition 36, the trial court will resentence the person "unless the court, in its discretion, determines that resentencing the [person] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (a), (b), (f); see *id.,* subds. (e), (g).) Consequently, those already sentenced and serving a 25-year-to-life sentence under the three strikes law, like defendant here, must petition the trial court under section 1170.126 for a recall of sentence regardless of whether or not their judgment is final. (*Yearwood, supra,* 213 Cal.App.4th at pp. 168.)

As the People note, whereas the Proposition 36-amended sections 667 and 1170.12 require nondiscretionary resentencing, the Proposition 36-enacted section 1170.126 gives the trial court discretion not to resentence a person who "would pose an unreasonable risk of danger to public safety." (Compare §§ 667, subd. (e) and 1170.12, subd. (c) with § 1170.126, subd. (f).) As the People also recognize, it is this difference

3

that has motivated defendant to request resentencing under amended sections 667 and 1170.12, rather than under section 1170.126. But, for the reasons set forth in *Yearwood,* defendant is not entitled to a remand from this court for resentencing in the trial court under amended sections 667 and 1170.12; defendant's recourse is to petition the trial court for a recall of sentence under section 1170.126.

We conclude defendant must seek resentencing under Proposition 36 through a petition for a recall of sentence in the trial court pursuant to section 1170.126.

## II. Defendant's Alternative Argument Is Not Cognizable on Appeal

Alternatively, defendant argues that, "[b]ecause there is a fully developed record that affirmatively shows the conduct that would qualify three of [his] four 'strike' convictions as serious felonies was not committed, notwithstanding the fact that the convictions were and are valid, it would be an abuse of discretion and a violation of the federal and state Constitutions to impose a 'Three Strikes' sentence on this record, even under pre-Prop[osition] 36 law."

Defendant notes his four prior strike convictions arose out of a single incident of assaulting police officers in 1988; he claims the record shows only one of these convictions qualifies as a strike conviction involving serious felony conduct (assault with a deadly weapon on a peace officer (§ 245)), while the other three do not rise to this level (assault against a peace officer (§ 241, subd. (c); see §§ 667, subd. (d)(1) & 1192.7, subd. (c)(31), defining "serious felony" for three strikes law purposes)).

We agree with the People that, to the extent defendant argues the factual basis of three of his prior strike convictions definitively does not establish strike conduct, his claim is not cognizable on appeal. Here, defendant pleaded no contest to the current offense and admitted the four prior strike convictions. Accordingly, any claim that the factual record does not support defendant's plea-encompassed admission of the strike

4

allegations is a challenge to the validity of that plea; as such, the claim requires a certificate of probable cause to be considered on appeal. (§ 1237.5; *People v. Hodges* (2009) 174 Cal.App.4th 1096, 1103-1104.) The trial court denied defendant's request for a certificate of probable cause. Furthermore, the record on appeal here is inadequate to establish counsel was ineffective in failing to procure a certificate of probable cause. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

## DISPOSITION

The judgment is affirmed. We have noticed a clerical error in the amended abstract of judgment of May 15, 2012. We direct the trial court to prepare a corrected abstract to reflect total custody credits of 1, 201 days (consisting of 801 actual days of credit and 400 days of conduct credit), and to send a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

                                                    BUTZ            , J.

We concur:

        RAYE            , P. J.

        HULL            , J.

5