Filed 1/21/16  P. v. Nolan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B262125 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA064639) |
| v. | |
| LAIR D. NOLAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Lisa M. Chung, Judge.  Affirmed in part, modified, and remanded.

Law Offices of John F. Schuck, John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Following a no contest plea pursuant to a plea bargain, defendant and appellant Lair D. Nolan was convicted of dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)[1]). Defendant contends the trial court abused its discretion in denying his post-plea *Marsden*[2] motion,[3] and he received ineffective assistance of counsel. Defendant also contends, and the Attorney General agrees, the trial court's protective order was unauthorized and should be stricken.

We remand the matter for the trial court to strike the protective order. The judgment is otherwise affirmed.

# BACKGROUND

## A.    Factual Background

The parties agree the probation report states the background facts for this appeal. It provides, "The defendant strangled and hit the victim, his girlfriend. [¶] The defendant and the victim have been in a dating relationship and living together for four years. On October 26, 2014, the defendant and victim were in the victim's car and both had been drinking and were arguing over the victim's drinking. The defendant punched, pinched, slapped and strangled the victim. She made several attempts to get away, but the defendant was too strong. He strangled her to the point [that] she could not breathe and felt as though she was going to lose consciousness. When deputies arrived after a witness called 911, the defendant told the victim, 'You better not tell them I hit you or I'm gonna

---

[1]    All statutory citations are to the Penal Code unless otherwise noted.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

[3]    The parties agree that a certificate of probable cause is not required to raise on appeal the denial of a post-plea *Marsden* motion. (*People v. Vera* (2004) 122 Cal.App.4th 970, 978.)

fuckin[']' kill you.'  The defendant was arrested.  There was an active domestic violence restraining order against the defendant at the time of the incident."

### B.     Procedural Background

An information was filed charging defendant with dissuading a witness in violation of section 136.1, subdivision (b)(1) (count 1), injuring his girlfriend in violation of section  273.5 subdivision (a) (count 2), and disobeying a court order in violation of section 166, subdivision (a)(4) (count 3).  It was further alleged defendant was on bail on his own recognizance when he committed the charged offenses in violation of section 12022.1, and had a prior "serious" felony conviction (robbery) that was also a "strike" offense.  (§§ 211, 667, subds. (b)-(j), 667.5, subd. (c), 1170.12, subd. (b), 1192.7).

Defendant accepted the prosecutor's offer of six years in state prison to resolve the matter, and entered a no contest plea to count 1 and admitted the "strike" allegation.  The trial court characterized the plea bargain offer as "a low amount of time."

In accepting the plea bargain offer, defendant stated, inter alia, that he understood "all of the consequences" of the plea, no one threatened him or made any promises to him "to force [him] to [enter the plea] against [his] will," and he was "doing this freely and voluntarily because [entering the plea] is in [his] best interest."  The trial court found "defendant expressly, knowingly, understandably, and intelligently waived his rights.  His plea and admission are freely and voluntarily made with the understanding of the consequences."

Pursuant to section 1385, the remaining charges and several outstanding tickets were dismissed.  The trial court sentenced defendant to state prison for a term of six years, awarded him custody credit, and ordered him to pay various fees, fines, and penalties.

## DISCUSSION

### A. *Marsden* Motion

#### 1. *Standard of Review*

We review a trial court's decision to deny a *Marsden* motion under the deferential abuse of discretion standard. (*People v. Taylor* (2010) 48 Cal.4th 574, 599.) "Denial is not an abuse of discretion 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' (*People v. Smith* [(2003)] 30 Cal.4th [581,] 604.)" (*People v. Taylor*, *supra*, 48 Cal.4th at p. 599; *People v. Panah* (2005) 35 Cal.4th 395, 431.)

#### 2. *Applicable Law*

A defendant who believes that his appointed counsel is providing ineffective assistance may seek to have that counsel relieved and substitute counsel appointed through "what is commonly called a *Marsden* motion." (*People v. Smith*, *supra*, 30 Cal.4th at p. 604.) To prevail, "A defendant must make a sufficient showing that denial of substitution would substantially impair his constitutional right to the assistance of counsel [citation], whether because of his attorney's incompetence or lack of diligence [citations], or because of an irreconcilable conflict [citations]. We require such proof because a defendant's right to appointed counsel does not include the right to demand appointment of more than one counsel, and because the matter is generally within the discretion of the trial court. [Citation.]" (*People v. Ortiz* (1990) 51 Cal.3d 975, 980, fn.1.)

A trial court does not err in denying a *Marsden* motion based on a defendant's complaints of his counsel's inadequacy amounting to tactical decisions. (*People v. Dickey* (2005) 35 Cal.4th 884, 922.) "'When a defendant chooses to be represented by professional counsel, that counsel is "captain of the ship" and can make all but a few fundamental decisions for the defendant' [Citation.]" (*People v. Welch* (1999) 20 Cal.4th 701, 729.)

4

### 3. Relevant Proceedings

In early November 2014, the public defender's office declared a conflict of interest and the alternate public defender's office was appointed to represent defendant. On November 20, 2014, defendant accepted the prosecutor's offer to resolve the matter and he was sentenced to six years in state prison.

In early December 2014, defendant stated he wanted to withdraw his plea. In late December 2014, defendant's counsel filed a motion to withdraw the plea, arguing that defendant "felt pressure to accept the prosecution's offer"; on November 20, 2014, he was "hearing voices"; and as of December 23, 2014, "he [was] scheduled to see a psychologist because he continue[d] to hear voices."

At the January 13, 2015, hearing on the motion to withdraw the plea, the parties submitted on the moving papers. The trial court ruled defendant failed to establish good cause because he did not show that he was "operating under a mistake, ignorance or any other factor overcoming the exercise of his . . . free judgment including inadvertence, fraud or duress." In so doing, it reflected on defendant's plea proceedings and noted defendant stated no one had threatened him or made any promises to force him to act against his will; and defendant said nothing about being under any sort of duress.

The issue of defendant's mental state was then addressed. The trial court asked defendant's counsel if she wanted to present any additional evidence beyond her declaration in the motion. Defendant's counsel replied she did not have any "medical evidence" or "documentation," but represented that "[defendant] indicates he is taking medication and he did see a psychologist[.]" The trial court stated, "At the time that he took the plea, I ha[d] no indication that he was under medication or that he was under any sort of delusion and that's what I need." The trial court denied the motion without prejudice and invited the defense to file any "supplemental proof." Defendant's counsel stated that she would "see if there's any documentation that [she] can subpoena" which would support a second motion to withdraw the plea.

On January 29, 2015, defendant's counsel requested a continuance of the sentencing hearing to obtain additional information regarding defendant's plea.

5

Defendant's counsel, however, represented that defendant was not under the care of a psychologist at the time of his plea; and explained that after defendant entered his plea, he "sought the assistance of the psychologist in county jail so the medical records were going to be for the treatment he received after he took the plea." Defendant stated that his medication "clear[ed] his mind" and without the medication he could not "think straight." Defendant's counsel reiterated there were no medical records related to the day defendant pled because he did not seek help until after he pled. The trial court stated, "So it doesn't really then go to the issue of his medical condition at the time." Defendant's counsel stated that, "There's no medical records for the date [he entered his plea]—other than [what defendant] indicated [which is] what I included in the motion." Defendant again interjected and said, "No. You never talked to me about that motion." The trial court reviewed the plea proceeding and concluded "[i]t appears just in terms of the colloquy that [defendant] was lucid in terms of giving all the answers."

Defendant said that he did not want his counsel to represent him, that she "never helped [him] at all," and "never looked into [his] case." The trial court held a *Marsden* hearing outside the presence of the prosecutor.

At the *Marsden* hearing, defendant sought new counsel because his counsel: persuaded him to take the plea deal the first time they spoke; did not employ a private investigator; did not meet or speak to him after their first meeting; did not talk to him about "the motion"; and never followed up after he told her that he could not think straight without his medication.

Defendant's counsel stated she had 24 years of criminal practice experience; she had reviewed the information that she received from the prosecutor; she had advised defendant of the prosecutor's offer of six years in state prison; defendant accepted the plea bargain offer; and in early December 2014, defendant indicated to her that he wanted to withdraw his plea, he told her his reasons, and she put those reasons in the motion to withdraw the plea. She also said that sometime in December, after she and defendant spoke, defendant agreed to continue the hearing on the motion to January 13, 2015.

6

The trial court denied the *Marsden* motion, finding defendant's counsel did not provide ineffective assistance and defendant's complaint about his counsel appeared to emanate from defendant's dissatisfaction after his motion to withdraw his plea was denied.

### 4. Analysis

Defendant has failed to establish the trial court abused its discretion. The record doses not demonstrate counsel's representation was inadequate or that defendant and counsel had such an irreconcilable conflict that ineffective representation was likely to result.

We first turn to the defendant's complaints about counsel's representation. Defendant seemed to criticize counsel for allegedly persuading him to accept the plea bargain at their initial meeting, but defendant did not explain the manner of inappropriate persuasion or why taking the plea bargain was a bad decision. The trial court pointed out the charges exposed defendant to approximately 20 years in state prison and that the offer of six years was "low." Counsel was an experienced criminal defense attorney who advised her client of the offer. Thereafter, it was up to defendant to decide whether the prosecutor's offer was acceptable to him.[4]

Defendant points out, as he did at the hearing on the motion, that his counsel did not use a private investigator or speak with him after their first meeting. But defendant did not explain why a private investigator was necessary or what that investigator may have discovered; nor did he claim he asked his attorney for a meeting after he had agreed to accept the prosecutor's offer or the reason such a meeting was even necessary.

---

[4]     Defendant maintains counsel did not "follow up" after defendant told her he could not think straight without his medication, but there was no evidence that defendant had sought mental health assistance prior to entering his plea, was taking medication at the time he entered his plea, or that his mental illness, if any, existed at the time of his plea. There was no evidence that defendant was unable to understand the proceedings when he pled no contest to the charges. Defendant never specified his medication or his diagnosis.

7

Defendant faulted his counsel for not talking to him about the motion to withdraw his plea. But defendant's counsel told the trial court that defendant advised her he wanted to withdraw his plea, he told her his reasons, and she set forth those reasons in the motion to withdraw his plea. The trial court implicitly found defendant's counsel to be credible in her explanations of her representation. To the extent there was a credibility question between client and counsel at a *Marsden* hearing, the trial court is entitled to accept counsel's explanation. (*People v. Abilez* (2007) 41 Cal.4th 472, 488.)

Defendant has also failed to establish he and his counsel became embroiled in such an irreconcilable conflict that ineffective representation was likely to result. As our Supreme Court explained, "If a defendant's claimed lack of trust in, or inability to get along with, an appointed attorney were sufficient to compel appointment of substitute counsel, defendants effectively would have a veto power over any appointment, and by a process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law. [Citations.]" (*People v. Jones* (2003) 29 Cal.4th 1229, 1246; *People v. Welch*, *supra*, 20 Cal.4th at p. 728 ["A defendant does not have the right to present a defense of his own choosing, but merely the right to an adequate and competent defense"].) Defendant never argued that, at any point in time, counsel refused to represent him in the manner he desired. He voluntarily accepted the plea agreement, and counsel complied with his request to subsequently file a motion to withdraw his plea. We see no conflict in the record between counsel and defendant, much less an "irreconcilable" conflict.

Defendant did not make a """"substantial showing"""" that the trial court's denial of his *Marsden* motion was likely to result in constitutionally inadequate representation. (*People v. Streeter* (2012) 54 Cal.4th 205, 230.) The *Marsden* motion was properly denied.

## B. Ineffective Assistance of Counsel

Defendant claims his counsel rendered ineffective assistance because she did not seek a certificate of probable cause authorizing defendant to raise an appellate claim of ineffective assistance of counsel based on counsel's failure to file a second motion to withdraw his plea. We disagree.

To prevail on a claim of ineffective assistance of counsel, defendant must establish that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. (*People v. Johnson* (2015) 60 Cal.4th 966, 979-980; *People v. Carter* (2003) 30 Cal.4th 1166, 1211.) "A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence . . . . Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel. [Citations.]" (*People v. Carter, supra,* 30 Cal.4th at p. 1211.) In addition, to establish a claim of ineffective assistance of counsel, defendant must prove prejudice. (*People v. Hart* (1999) 20 Cal.4th 546, 623.) "Prejudice occurs only if the record demonstrates 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citation]" (*People v. Lucero* (2000) 23 Cal.4th 692, 728-729.)

### 1. Counsel's Representation

Section 1237.5 states, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." "Subdivision (b) of section 1240.1 imposes a duty on trial counsel to 'execute and file on his or her client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders appealed from' or 'when directed to do so by a defendant having a

9

right to appeal.'" (*People v. Hodges* (2009) 174 Cal.App.4th 1096, 1105.) "[C]ounsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5." (*People v. Ribero* (1971) 4 Cal.3d 55, 66, superseded by statue on other grounds, as stated in *In re Chavez* (2003) 30 Cal.4th 643, 656.) A certificate of probable cause is required before a defendant may pursue an appellate challenge to his attorney's performance regarding a motion to withdraw a guilty plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-685.)

There is nothing in the record to demonstrate counsel's assistance fell below professional norms. Citing his comment to the court that he "want[s] to put on the record that [he has] ineffective assistance of counsel," defendant contends in only three sentences of his opening brief that his counsel was aware defendant "wanted to appeal on the ground of ineffective assistance of counsel," but counsel deprived him of that opportunity by neglecting to obtain a certificate of probable cause. Defendant's statement cannot reasonably be interpreted to mean defendant wanted counsel to pursue an appeal on that basis. There is no evidence in the record that defendant, or anyone on his behalf, instructed defendant's counsel to appeal the issue of ineffective assistance of counsel and obtain the corresponding certificate of probable cause.

### 2. *Prejudice*

Defendant was not prejudiced by the absence of a certificate of probable cause as it is quite clear an appellate argument attacking counsel's failure to file a second motion to withdraw defendant's plea would have failed. In addressing such a claim, a reviewing court would first look to the record. "If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. [Citation.]" (*People v. Carter*, *supra*, 30 Cal.4th at p. 1211.) Here, the record demonstrates a satisfactory explanation for the absence of a second motion to withdraw the plea—the

first motion was denied and there is nothing to suggest a second motion would have fared any better.

In addition, the record does not demonstrate that, had defendant's counsel further investigated defendant's medical condition and use of medication, the results of the investigation would have yielded a reasonable probability defendant would be permitted to withdraw his plea. As noted above, defendant's counsel stated there were no medical records for the day defendant entered his plea because he did not seek help until after he pled. Thus, even if counsel should have obtained a certificate of probable cause on this issue, there was no prejudice in failing to do so because the record is devoid of any support for a second motion to withdraw his plea.

### 3. *The Reply Brief Argument*

In his reply brief, in three sentences, defendant for the first time contends his counsel provided ineffective assistance because she did not "request[] a certificate of probable cause regarding the denial of [defendant's] motion to withdraw his plea," thereby preventing him from raising that issue on appeal. Points raised for the first time in an appellant's reply brief will not ordinarily be considered absent a showing of good cause for the failure to present them earlier. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.) Defendant has not shown good cause for his failure to raise this issue in his opening brief and we exercise our discretion not to consider the argument. Even if we were to consider defendant's contention raised in his reply brief, there is no evidence in the record that defendant instructed his counsel, or that his counsel should otherwise have reasonably known, to appeal the ruling on the motion to withdraw his plea and to obtain the corresponding certificate of probable cause. In addition, defendant has not established there is a "reasonable probability that, but for counsel's error, the result of the proceeding would have been different." (*People v. Lucero, supra,* 23 Cal.4th at pp. 728-729.)

### C.    Protective Order

Defendant contends, and the Attorney General agrees, that the protective order issued by the trial court was unauthorized.  We agree.

When the trial court sentenced defendant, it imposed a protective order pursuant to section 273.5, subdivision (j) ordering defendant to, inter alia, not have personal contact with, or come within 100 yards of, the victim.  Defendant pleaded no contest to a violation of section 136.1, subdivision (b)(1)), not section 273.5, subdivision (a).  Section 273.5, subdivision (j) authorizes the imposition of a protective order; it provides in part, "Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim . . . ."  Section 136.1 does not authorize the imposition of such a sentencing protective order.  Accordingly, the protective order should be stricken.

**DISPOSITION**

The matter is remanded for the trial court to strike the protective order.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KUMAR, J.[*]

We concur:


TURNER, P. J.


BAKER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.