Filed 11/6/24  P. v. Ford-Howard CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DESHAWN GIOVANNI FORD-HOWARD,<br><br>    Defendant and Appellant. | A168404<br><br>(Marin County<br>Super. Ct. No. SC219132A) |

Defendant Deshawn Ford-Howard appeals from a judgment entered after he pled guilty to second degree robbery (Pen. Code, § 211) and admitted that he suffered a prior strike conviction (*id.*, § 1170.12, subds. (a)–(d)).[1] Defendant seeks review of issues that require a certificate of probable cause, which he failed to obtain.  Accordingly, we shall dismiss this appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Like the parties, we take our background facts from the presentence report because defendant entered his plea early in the case, before a preliminary hearing was held.

### The 2022 Incidents

On the afternoon of February 10, 2022, Ms. M. was getting into her car at a Dollar Tree Store parking lot in San Rafael, when a man came up behind

---

[1] Statutory references are to the Penal Code.

1

her, pointed a gun at her, and threatened to kill her if she did not let go of her purse. Ms. M., who was 76 at the time, relinquished her purse, and the man fled in a black sedan that he had parked directly behind her car. After the robbery, Ms. M.'s credit cards were used at various locations in Richmond and El Cerrito. On February 18, at around 7:45 p.m., Ms. L. was at a Costco parking lot in Novato when a man got out of a car that stopped behind her car, pointed a gun at her and stole her wallet and cell phone. On February 24, at around noontime, Ms. C. was getting into her car at a parking lot near Marshalls in Novato, when a man wearing a black hooded sweatshirt and mask pointed a semi-automatic pistol at her and demanded her purse. When Ms. C. hesitated, the man said, " 'I'm going to shoot you,' " and " 'it's not worth it.' "

San Rafael police used surveillance footage from stores where the victims' credit cards were used to create a flyer of the suspect. Officers from "multiple" agencies identified defendant as that suspect. On March 9, a car that was linked to defendant was impounded in Petaluma, and during a subsequent search, police found a black mask in the car, along with multiple other items of clothing and shoes. On March 10, defendant was interviewed by San Rafael police. He admitted using the victims' credit cards, but claimed he purchased them on the internet and denied committing any robberies. Defendant also stated that he had parked his car in Richmond, where he allowed teenagers to sit in it to smoke, and then the teenagers ran to him and said someone had taken the car. Defendant reported that the teenagers also told him they left a firearm under the driver's seat.

*Charges Against Defendant*

On March 18, 2022, the Marin County District Attorney filed a complaint charging defendant with three counts of robbery (§ 211), and three

2

counts of unauthorized use of personal identifying information (§ 530.5, subd. (a)). The People alleged that the robberies were serious and violent felonies, qualified as strike convictions, and that multiple aggravating factors applied to these crimes. The People also alleged defendant suffered three prior felony convictions, including a 2013 conviction for burglary that also constitutes a strike under the Three Strikes Law. (§§ 1170.12, subd. (d), 667, subds. (b)–(i).)

After defendant was released from custody on $50,000 bail, the People filed a motion to increase or revoke bail based on the seriousness of the charged offenses, which the trial court denied. Instead, the court placed defendant in a pretrial monitoring program operated by the probation department, required that defendant wear an ankle monitor, and imposed a curfew.

In November 2022, defendant filed a motion to dismiss his prior strike conviction in furtherance of justice, pursuant to *People v. Superior Court* (*Romero*) (1966) 13 Cal.4th 497 (*Romero*). Defendant acknowledged that the current charges viewed in isolation did not warrant dismissing his strike, but argued other considerations were overriding. First, the nature of his prior strike did not warrant the enhancement, defendant argued, because it was nonviolent, nothing was taken from the house he burgled, and it had been 10 years since that crime was committed. Second, he fell outside the spirit of the Three Strikes Law because he strove to be a good father, was a good employee, and had demonstrated his ability to follow court orders by complying with pretrial monitoring. Finally, defendant claimed a potential 14-year prison term was an "unjust sentence," as it was "too long" for the crimes committed. The People disagreed strongly with defendant's arguments. They emphasized that the current offenses were serious and

3

violent, and argued the 2013 burglary was also serious. Further, defendant fell within the spirit of the Three Strikes Law, the People argued, as he had accumulated multiple convictions since committing the strike offense, including felony possession of a firearm, misdemeanor domestic violence, and violation of a protective order.

At a December 2022 hearing on the motion to strike, the trial court heard argument and then requested clarification about the timing of the motion, why the defense was bringing it so early. Defense counsel explained that a ruling at that juncture would facilitate a resolution of the case. Counsel conceded that there was nothing about the current offenses that weighed in favor of dismissing the prior strike, but he argued that other factors did weigh in defendant's favor. Counsel was candid about attempting to eliminate the strike allegation to facilitate a favorable plea offer.

Before ruling on the motion to strike, the court shared some "thoughts," expressing its a strong belief in second chances and equally strong desire to be optimistic. The court opined that if a person had really turned a corner and was going to make a positive change, the court would "give them [a] break." But the court denied defendant's motion because it "just . . . [did not] have any information about the circumstances of this current offense," and so was not prepared to dismiss the strike that day. The court stated that in a worst case scenario, if defendant went to trial and was convicted, he could make the same "pitch" during sentencing. However, with the information it had, and considering all the factors, it could not strike the prior, which was by definition a serious offense. The court emphasized its ruling was "without prejudice."

4

***Defendant's Plea***

A preliminary hearing was set for January 2023 but was continued until March while the parties pursued a negotiated disposition. On March 23, defendant pled guilty to the robbery charge involving Ms. M., and admitted the prior strike sentence enhancement. Defendant also confirmed his understanding of the charges and related matters, and expressly waived enumerated rights, including his trial rights. And defendant signed his initials next to the following statement: "I understand that I have a right to appeal from any judgment of this court. I waive my right of appeal and my right to attack the final judgment by any statutory or non-statutory means, except as to any sentencing error the court may make."[2]

In signing and initialing his guilty plea, defendant attested that he had not been induced by any promise or representation of a lesser sentence, or of "anything else" other than the following promise: "Plead guilty to Count 01: PC211 for stipulated aggravated state prison term (5 years) and admit prior strike (PC459/460(a) Contra Costa County Superior Court case number 05,130123,3,001). Total prison sanction: 10 years. Admit all aggravating factors alleged in the complaint."

At his plea hearing, defendant acknowledged signing and initialing the plea form and waivers. He acknowledged understanding what the documents meant, the terms of his agreement, and the rights he was waiving. Before the court accepted defendant's plea, defense counsel stipulated that it was supported by a factual basis. Then defendant pled guilty to committing

---

[2] Defendant also signed a separate waiver pursuant to which he agreed to appear in court for sentencing and all other court dates, agreed not to violate any law prior to sentencing, and agreed that if he violated these terms, the court would no longer be bound by the disposition agreement, but defendant could not withdraw his plea.

felony second degree robbery on February 10, 2022, and admitted that he was convicted of a prior serious or violent felony strike. The court found that defendant had "expressly, knowingly, understandingly, and intelligently waived his statutory and constitutional rights," and his plea and waiver of rights were also free and voluntary. The court found there was a factual basis for the plea, accepted the plea, and found defendant guilty.

### *Judgment and Sentence*

Sentencing was continued until June 2023 at defendant's request. On June 22, defendant appeared with counsel, bail was exonerated, and the court pronounced judgment. The court stated that it had received and reviewed the presentence report, that the probation department's recommendation appeared to comport with the parties' negotiated disposition, and that the court was prepared to impose sentence consistent with the recommendation, subject to any comments or objections. Neither party objected, nor raised any issues.

After the matter was submitted, the court stated, "All right. Mr. Ford-Howard, consistent with the negotiated disposition and your plea agreement, I'll make the following findings and orders: Probation is denied on Count 1. The circumstances warrant the aggravated term. That's five years. And pursuant to Penal Code [s]ection 1170.12(a) through (d), that base term is doubled to a term of ten years on Count 1. That's in light of the aggravated factors that were admitted as part of the plea agreement." Accordingly, the court imposed an upper five-year term for the robbery, which was doubled due to the strike, for an aggregate sentence of 10 years in prison.

On July 18, 2023, defendant filed a notice of appeal and request for a certificate of probable cause. The request for a probable cause certificate states: "The grounds for the appeal are based upon ineffective assistance of

counsel. . . . [¶] Mr. Ford-Howard is appealing based on ineffective assistance of counsel related to counsel's inability to get his 'strike' prior dismissed. Mr. Ford-Howard believes that counsel was ineffective related to litigating and arguing his Romero motion." The trial court denied the request for a certificate of probable cause.

## DISCUSSION

In his opening brief to this court, defendant attempts to establish three errors warranting reversal of the judgment. First, he contends the trial court erred by denying his *Romero* motion without considering it on the merits. Second, he challenges his upper term sentence, contending that aggravating factors were alleged improperly in the complaint and are not supported by evidence. Third, he challenges the finding that there was a factual basis for his plea. In his reply brief, defendant withdraws his third claim of error, and thus we do not consider it further. Defendant's other two claims are invalid grounds upon which to appeal because his conviction is based on a guilty plea and he did not obtain a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b) (rule 8.304(b)).)

## I. Defendant's Claims May Not Be Raised In This Appeal

The general rule is that "[i]ssues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895.) Thus, the defendant " ' " 'cannot admit the sufficiency of the evidence by pleading guilty [or nolo contendere] and then question the evidence by an appeal.' " ' " (*In re Troy Z.* (1992) 3 Cal.4th 1170, 1181.)

Moreover, to appeal a judgment by challenging the legality of a plea, the defendant is required to obtain a certificate of probable cause. (*People v.*

7

*Mendez* (1999) 19 Cal.4th 1084, 1093 (*Mendez*) [defendant who has pleaded guilty in superior court and "seeks to take an appeal from a judgment of conviction" must "fully" comply with section 1237.5 and former rule 31(d), now rule 8.304(b)].) "In the absence of full compliance and a certificate of probable cause, the reviewing court may not reach the merits of any issue challenging the validity of the plea, but must order dismissal of the appeal. [Citation.] Our Supreme Court has expressly disapproved the practice of applying the rule loosely in order to reach issues that would otherwise be precluded." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1149, citing *Mendez*, at pp. 1098–1099.)

To obtain a certificate, the defendant must file "with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5, subd. (a).) This requirement creates a mechanism for the court to determine whether an appeal raises a nonfrivolous issue that is cognizable on appeal following a plea. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178–1179.) Thus, the written statement need not contain argument or authority but must show reasonable grounds for the appeal. (*People v. Hodges* (2009) 174 Cal.App.4th 1096, 1110.)

As noted in our background summary, the trial court denied defendant's request for a certificate of probable cause. A defendant who appeals following a plea of guilty without a certificate of probable cause is limited to challenging the denial of a motion to suppress evidence or to raising issues that arose after entry of the plea that do not affect the plea's validity. (*Mendez, supra*, 19 Cal.4th at p. 1096; rule 8.304(b)(2).) Here, defendant did not file a suppression motion in the trial court. Moreover, the

8

issues he raises pertain to matters occurring prior to entry of his plea *and* seek to challenge the validity of that plea.

Defendant's first claim challenges a ruling on a *Romero* motion that was made before defendant entered his plea. After that motion was denied, defendant expressly agreed to a negotiated sentence that includes a strike enhancement. Thus, to dispute the legality of the strike enhancement on appeal, defendant needed a certificate of probable cause. Defendant's second claim of error fares no better. He argues the trial court abused its discretion by imposing an upper term sentence based on aggravating factors that (1) were improperly alleged in the complaint, and (2) are not supported by the evidence. Both issues pertain to matters occurring prior to defendant's plea since defendant admitted the aggravating factors alleged in the complaint as part of his plea, and agreed to a stipulated sentence that included an upper five-year term for the robbery.

Defendant cannot avoid the certificate of probable cause requirement by casting his claims as post-plea sentencing issues. "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*).) Here, as in *Panizzon*, defendant "is in fact challenging the very sentence to which he agreed as part of the plea," and since that challenge is "an integral part of the plea" he was required to comply with "the probable cause certificate requirements of section 1237.5 and rule [8.304(b)]." (*Id.* at p. 72.)

9

Defendant's claims are invalid for the independent reason that he waived his right to appeal them as part of his plea agreement. "Appellate waivers contained within plea agreements are generally enforceable. 'Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement.' " (*People v. Becerra* (2019) 32 Cal.App.5th 178, 186, quoting *Panizzon*, *supra*, 13 Cal.4th at p. 80.) And there is no argument that defendant's claims implicate the sole exception to his waiver of the right to appeal, for "sentencing error *the court* may make." (Italics added.)

## II. Defendant's Reply Brief Arguments are Unavailing

With the assistance of new appellate counsel, defendant uses his reply brief to attempt to salvage this appeal. As to his first claim of error, defendant acknowledges that he agreed to a 10-year sentence as part of his plea. But he argues that, notwithstanding the plea agreement, the trial court had discretion at sentencing to dismiss the strike enhancement, and that failing to do so was an abuse of discretion. The glaring flaw in this argument is that defendant did not make a *Romero* motion at sentencing; he made his motion early in the proceeding in an effort to secure a favorable plea bargain. Denial of that motion was unrelated to the court's discretion at sentencing.

Defendant insists he can pursue this first claim on appeal because he is not challenging his plea but the court's error in failing to use its sentencing discretion to reconsider the *Romeo* motion. And in response to the People's contention that this claim is forfeited because defendant failed to renew his *Romero* motion at sentencing, defendant argues he was denied the effective assistance of counsel. We are not persuaded by defendant's effort to divorce

10

the *Romero* issue from his plea agreement. The record shows that defendant's strategy was to use this issue to obtain a more favorable plea offer than he otherwise would have received, which seems to have worked since he was charged with multiple crimes and convicted of only one. Regardless, the admission of a strike prior and the acceptance of a resulting 10-year sentence were integral to the plea colloquy, and challenging the strike enhancement is tantamount to challenging that plea. This fact is manifest in the declaration filed in support of defendant's unsuccessful request for a certificate of probable cause, which sought permission to pursue an ineffective assistance claim on appeal as to this very issue. And in any event, to the extent defendant purports to make a separate ineffective assistance claim based solely on his counsel's post-plea representation, defendant waived any such argument on appeal, as counsel's shortcomings are distinct from any sentencing error on the part of the court.

Defendant intimates that he may bring this appeal because the trial court erred by denying him a certificate of probable cause, thus precluding him from pursuing his claim that his trial counsel was ineffective for the way he handled the *Romero* motion, including by failing to renew it. Defendant overlooks that the denial of a certificate of probable cause may be challenged by filing a writ of mandate but not by proceeding with the appeal. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188; see *People v. Johnson* (2009) 47 Cal.4th 668, 676.)

Defendant also refines his second claim of error, "modif[ying]" his contention that the complaint filed against him was defective because it included allegations that aggravating factors applied to the robbery charges. Defendant appears to acknowledge that such allegations might potentially be required to satisfy due process notice requirements. (Citing *In re Vaquera*

(2024) 15 Cal.5th 706, 718.) But he persists in arguing that the trial court abused its discretion under section 1170, subdivision (b) (section 1170(b)) by imposing an upper term sentence because the aggravating factors alleged in the complaint are, in his view, not supported by factual evidence.

To the extent defendant's modified argument attempts to preserve his objection to the fact that aggravating factors were alleged in the complaint, he overlooks language in section 1170(b) that expressly contemplates aggravating factors will be alleged in the charging document. And his sufficiency of the evidence challenge we reject because a guilty plea "waives any right to raise questions regarding the evidence, including its sufficiency or admissibility." (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187.) Defendant cannot circumvent this principle by limiting his evidentiary challenge to sentencing factors because he admitted those factors as part of his guilty plea.

Moreover, defendant's reply-brief argument pertaining to this second claim of error is based on a construction of section 1170(b) that we do not accept. First, he intimates that a defendant must explicitly admit the truth of aggravating factors that are not found true by a trier of fact. Second, he argues that even if an implicit admission can substitute for a jury finding, it is not "legally sufficient" to satisfy section 1170(b), which requires a factual basis for an upper term sentence. According to this theory, the trial court is required to make express findings at the sentencing hearing that aggravating factors are supported by the evidence in order to justify the upper term sentence. Section 1170(b)(2) authorizes an upper term "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant." Here, the

trial court found aggravating circumstances justified an upper term and that defendant had admitted the truth of those aggravating circumstances in his plea. Defendant cites nothing in the statutory language or case law requiring a more detailed explication of the factual basis for imposing an upper term sentence pursuant to a plea agreement.

Under these circumstances, defendant's failure to obtain a certificate of probable clause requires dismissal of this appeal. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 245; see *In re Chavez* (2003) 30 Cal.4th 643, 651 [when defendant fails to comply with section 1237.5, court " 'generally may not proceed to the merits of the appeal, but must order dismissal' "]; see also *People v. Espinoza* (2018) 22 Cal.App.5th 794, 802–803; *People v. Brown* (2010) 181 Cal.App.4th 356.)

## DISPOSITION

The appeal is dismissed.

TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Ford-Howard* (A168404)

13